## Wytheville.

### FERGUSON'S ADM'R v. WILLS.

#### July 2d, 1891.

1. PERSONAL REPRESENTATIVES—*Intestate's Contract—Notice—Case at bar.*—In his life-time intestate employed W. to build a church. Soon after it was commenced, administrator notified W. to desist, and that if he completed the church, it would be at his own risk;
HELD:
The notice was void of all legal effect.

2. IDEM—*Guaranty—Sub-letting Contract.*—Church trustees guaranteeing W. against all loss and his sub-letting the work to another;
HELD:
No bar to recovery on the original contract.

3. PRACTICE AT COMMON LAW—*Instructions.*—It is a settled rule that when an instruction is given which covers the case and properly submits it to the jury, it is not error to refuse to give another, even though in point of law it is correct.

4. APPELLATE PRACTICE—*Record—Bill of Exceptions.*—Where instruction is not made part of record by bill of exception, action of court below concerning it cannot be reviewed here.

5. IDEM—*Motion for New Trial.*—Same rule prevails where court below overrules motion for new trial on the ground the verdict is contrary to the evidence, and all the evidence is not certified.

Error to judgment of circuit court of Roanoke county, rendered October 10th, 1888, in an action of covenant wherein William L. Wills was plaintiff, and Henry S. Trout, administrator of I. M. Ferguson, deceased, was defendant. Verdict and judgment were for plaintiff, and defendant brought the case here on writ of error and *supersedeas*. Opinion states the case.

*Samuel Griffin*, for plaintiff in error.

*G. W. & L. C. Hansbrough* and *Penn & Cocke*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

The action was upon a sealed contract entered into on the 5th of March, 1881, between the defendant's intestate and Wills, for the erection of a church, in the then town of Big Lick, on a lot thereafter to be selected by the congregation or trustees of the church. The stipulated price for the work was $1,962.70. Ferguson died about the first of April thereafter, and the defendant qualified as his administrator.

The site was not selected until nearly a year after the date of the contract, soon after which the work was commenced. Shortly thereafter, to-wit, on the 4th of April, 1882, the administrator notified Wills in writing not to build the church under the contract, and saying further that if he did so it would be at his own risk, and that payment would be contested.

Wills was by trade a carpenter, and for some time had been in the employ of John Kefauver & Son, house builders and contractors. He was a man of limited means, and was consequently unable, without the aid of others, to perform the contract. Accordingly he proposed to Kefauver & Son to turn over the contract to them, which they declined, on the ground that they were not willing to undertake the work for the price. He was then told by the trustees to go on with the work, and that they would not only guarantee him his money, but that he would be paid for the work the difference between the contract price and the cost of the work when completed. Kefauver & Son thereupon agreed with Wills to do the work for him, and employed him as the foreman to do it, paying him, for his services, two dollars per day. And they were subse-

quently paid for the work by " *Wills' check on the bank.*" From what source Wills got the money does not distinctly appear; but the presumption is he got it from the trustees.

The work was completed about the first of September, 1882. A witness for the plaintiff, the Rev. L. L. Loyd, who was in charge of the church, testifies that he overlooked the work, and that it was done by Wills, under the contract with the defendant's intestate; that he heard of no other contract, and that the work was done in accordance with the specifications of that contract. The jury found a verdict for the plaintiff upon which judgment was entered, which is the judgment complained of.

The question is whether there is any liability on the part of Ferguson's estate to the plaintiff by reason of the contract aforesaid, or whether that contract was abrogated or abandoned, and the work done, not by the plaintiff, but by other parties under a different contract.

That the obligation of the contract was not affected by the notice served by the administrator on the plaintiff above-mentioned, is too plain for discussion. If it was, then all that a party to a contract has to do, who wishes to rid himself of its obligation, is to notify the other party not to perform his part of it, and the contract is at an end. But such a proposition is not sanctioned by any principle, either of law or justice, and cannot be seriously contended for.

The circuit court did not err, therefore, in refusing to instruct the jury, on the motion of the defendant, that if the said notice was given before work under the alleged contract was commenced, and if the plaintiff thereafter did the work, relying on the alleged contract, he could only recover the profits that he might show himself entitled to for doing the work under the contract.

In short, the notice was without any legal effect whatever, and the court did not err in refusing to give any of the instructions offered by the defendant, which, if given, would have told the jury otherwise.

Nor is there anything to show that the contract was abandoned by the plaintiff. The case, so far as it is disclosed by the record, is simply this: The plaintiff being without means of his own to fulfill the contract, arranged with Kefauver & Son to do the work for him. They did do it, and he paid them for it—with money, no doubt received from the trustees, but that is immaterial. They simply verbally guaranteed that if he would go on and *complete the contract entered into by him with Ferguson*, he should lose nothing by it. That contract was completed, not by turning it over to Kefauver & Son, but through their aid or instrumentality, and so far as Ferguson's estate is concerned, their work was the plaintiff's work.

Such being the tendency of the evidence, the circuit court properly submitted the case to the jury in giving the following instruction at the instance of the plaintiff:

" The court instructs the jury that if they believe from the evidence that the plaintiff, either himself or through others employed by him, constructed the building in the agreement in the declaration mentioned, in accordance with the specifications in said agreement set forth, *and relying upon the contract in the declaration mentioned*, then the jury shall find for the plaintiff the price therefor in said agreement stipulated to be paid by Isham M. Ferguson to the plaintiff, although from the evidence the jury may believe that outside parties, by parol agreement, guaranteed that the plaintiff should lose nothing by his construction of said building *under said agreement*, and actually advanced to the plaintiff the money necessary to pay for the materials and labor employed in the construction of the said building."

This instruction covers the entire case as shown by the record. Hence, there was no error in the refusal of the court to instruct the jury, that if they should believe from the evidence that the plaintiff did not construct the church under the contract in question, but that it was erected by other parties, not under that contract, and relying on the promises of other

persons to pay for the building when completed, that then the plaintiff was not entitled to recover in this action.

If it can be fairly said that this instruction is relevant to the evidence, the refusal to give it, we repeat, was not a reversible error, because the point is sufficiently presented in the instruction given for the plaintiff; and the settled rule is that when an instruction is given which covers the entire case, and properly submits it to the jury, it is not error to refuse to give another, even though in point of law it is correct. *Central Lunatic Asylum* v. *Flanagan*, 80 Va. 110; *Erie Railroad Co.* v. *Winter*, 143 U. S. 60, 75.

The next objection relates to the action of the court in amending the second instruction offered by the defendant. But the instruction itself is not set out in the bill of exceptions, and, therefore, although copied into the transcript by the clerk, it is not a part of the record proper, and cannot be considered here. *Fry* v. *Leslie*, 87 Va. 269, 275.

The next and last assignment of error is that the court erred in overruling the motion for a new trial, which motion was based on the ground that the verdict was contrary to the law and the evidence. It appears, however, from the bill of exceptions that *all* the evidence before the jury is not certified, and hence the objection is unavailing. In such a case the appellate court cannot know the grounds of the action of the trial court, and must presume that it was right. *McArter* v. *Grigsby*, 84 Va. 159; *Adams* v. *Hays*, 86 *Id.* 153.

HINTON, J., *dissented.*

JUDGMENT AFFIRMED.