𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

JOHNSON v. NORTON LAND AND IMPROVEMENT CO.

SEPTEMBER 12th, 1893.

1. APPELLATE COURT—*Record—Review.*—As the clerk can add nothing to the record, agreed facts copied by him in the record and certified as the facts, whereon the judgment rested, cannot be considered here and the case cannot be reviewed in the absence of a bill of exceptions to the supposed errors of the trial court. *Impr. Co.* v. *Kain & Hickson,* 80 Va., 592.

2. IDEM—*Depositions.*—Nor is a deposition a part of the record in the absence of a bill of exceptions, though copied in the transcript and certified by the trial court and clerk. *Cunningham* v. *Mitchell,* 4 Rand., 189.

Error to judgment of circuit court of Wise county, rendered December 12, 1892, in an action wherein the Norton Land and Improvement Company was defendant, and the plaintiff in error, Johnson, was defendant. The object of the suit was to enforce the forfeiture of Johnson's title to a lot in the town of Norton because of a violation of a condition of a deed. The judgment being against Johnson, he brought the case here on writ of error and *supersedeas.* Opinion states the case.

*Duncan, Matthews & Maynor,* for plaintiff in error.

*Burns & Fulton,* for defendant in error.

LACY, J., delivered the opinion of the court.

At the trial of this action the facts were agreed, and the forfeiture adjudged by the court. The defendant in the action

thereupon applied for and obtained a writ of error to this court.

There is no bill of exceptions in the case, and no evidence certified in the record, and no motion to set aside the finding of the court (a jury being waived), and no exception taken and certified by the court throughout the proceedings.

There is nothing, therefore, by which this court can review the judgment. The case must be heard and considered in this court upon the errors apparent upon the face of the record. If no exceptions are taken to any supposed errors of the court which tries the case, these acts are not in the record, and cannot appear in the transcript thereof, and the party aggrieved remains as at common law, without relief. 4 Min. Inst., 728, 729. And this applies to the action of the court in refusing to set aside the judgment and grant a new trial, because the same is contrary to the law and the evidence. The evidence cannot be reviewed by the court because it is not in the record and is not made a part of the record by bill of exceptions in any form, and a deposition taken in such case is not a part of the record, although copied in the transcript and certified by the court, and certified by the clerk; it is not the province of the clerk to add anything to the record. *Cunningham* v. *Mitchell*, 4 Rand., 189; *Bowyer* v. *Chestnut*, 4 Leigh, 1.

In the case of the *Roanoke Land and Imp. Co.* v. *Kain & Hickson*, 80 Va., 592, this subject is fully considered and the authorities controlling this question cited and approved. In that case the deposition taken in the case, and certified by the clerk, and affidavits filed in the case, and notices copied and certified by the clerk, were not considered by this court.

This court saying of these, they are not made a part of the record by the court, and it is not the province of the clerk to make anything a part of the record; his province is to copy the record as it is. Citing Judge Green as saying in *Cunningham* v. *Mitchell*, *supra*, that "the certificate of the clerk that these papers were the evidence upon which the judgment was

founded, cannot be received as part of the record. His certificate to that effect can have no more effect than that of any other individual. He can certify that such records exist in his office, but not what use was made of them. That ought to have been shown by the record; and it was the duty of the party wishing to avail himself of the fact to have made it a part of the record. Judge Tucker, P., said in *Bowyer v. Chestnut, supra:* "The evidence produced upon the trial can only be known by its being spread upon the record by bill of exceptions, or by the certificate of the judge himself. (2 Bac. Abr., 527; 2 Inst., 426.) Unless this is done, the court sees nothing but the process,. the pleadings, the verdict, and the judgment (or the judgment when the jury was waived by the parties.) The certificate of counsel affords no evidence of opinion expressed or evidence given, nor the certificate of the clerk of the papers produced before the jury, or the depositions. read in the cause.

Mr. Minor says, 4 Min. Inst., 742: "The record proper is nothing but the formal allegations or pleadings on either side, the issue, the impannelling of the jury, the verdict, and the judgment." See also *Magarity* v. *Shipman*, 82 Va., 806.

There is no question better settled in this court.

It follows that the agreed facts copied in the record by the clerk and certified as the facts upon which the judgment rested cannot be considered here, and that the case cannot be reviewed here. We can, therefore, perceive no errors in record by which the judgment can be reversed. See also *Scott* v. *Lloyd*, 9 Pet., 418, opinion of Chief Justice Marshall; *Lawrence* v. *Comm'th*, 86 Va., 579; *Offlendinger* v. *Ford*, 86 Va., 920; *Fry* v. *Leslie*, 87 Va., 275.

In the case of *Newberry* v. *Williams*, cited by counsel as the most recent adjudication upon the subject (89 Va., 298), it was. held that as there was no objection to the verdict at the proper time, this failure to object must be considered as a waiver of the exceptions taken during the trial.

In this case there was no exception to the finding and judgment of the court, and for that reason also we are unable to review and correct the judgment, and the same must be affirmed.

DECREE AFFIRMED.