# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COTTRELL AND ANOTHER v. WATKINS AND ANOTHER.

### MARCH 9, 1899.

#### Absent, Cardwell, J.

1. EVIDENCE—*Death of Party to Transaction—Survivor may be Called by Adversary—Collusion—Case in Judgment.*—Although one of the parties to the original transaction which is the subject of investigation be dead, the survivor may be called as a witness by the administrator of the deceased party under the terms of sec. 3346 of the Code. In the case in judgment, the decedent's estate is interested in the result, and it is not shown that his administrator colluded with the survivor, even if such collusion could be considered in passing on the admissibility of the evidence.

2. RES JUDICATA—*Law of the Case—Case in Judgment—Laches—Transfer of Accommodation Paper after Maturity.*—Questions decided upon an appeal cannot be reviewed or reversed upon any subsequent appeal in the same case. The first decision becomes the law of the case. In the case in judgment, the first decision having determined that the complainant had not been guilty of laches, and that the transferee of accommodation negotiable paper after maturity stands on the same footing as if the paper were ordinary negotiable paper given for value, these questions are not now open to a new contention.

Appeal from a decree of the Circuit Court of Henrico county pronounced February 20, 1897, in a suit in chancery wherein appellants were the complainants, and appellees were the defendants.

*Reversed.*

This case has been once before in this court, and is reported under the style of *Cottrell* v. *Watkins*, 89 Va. 801. The record

in the present case contains only so much of the pleadings and evidence as was introduced after the case was sent back to the Circuit Court of Henrico. The incomplete condition of the record renders it difficult to make an accurate statement of the facts.

In 1891 John W. Cottrell filed his original bill for the purpose of setting aside a conveyance which had been made to Charles T. Watkins by Wise and Logan, trustees, of certain property which had been conveyed by complainant in trust to secure certain notes which he alleges had been made by him for the accommodation of his brother, Joseph F. Cottrell, and also to set aside a deed which had been made by Watkins to Jones, and a deed from Jones to the Richmond Coal Mining and Manufacturing Company. The original bill charges that in 1873 Joseph F. Cottrell owed to the Clover Hill Railroad Company $1,262.02; that, as an accommodation to him, his brother, John W. Cottrell, in 1874, executed three notes aggregating this amount, made them payable to a third brother, Benjamin Cottrell, secured them by a deed of trust and delivered them to Joseph F. Cottrell, who delivered them to the Clover Hill Railroad Company in satisfaction of his debt, after they were endorsed by Benjamin Cottrell, the payee; that Joseph F. Cottrell paid them at the State Bank of Virginia, where they had been discounted, and became the property of the bank; that the notes were delivered to Joseph F. Cottrell, but were not marked paid; that in 1884 or 1885 Joseph F. Cottrell, " in the course of business," passed them to Charles T. Watkins; that in 1889 Watkins, as the holder of the notes, required the trustees to sell the land; that Watkins bought the land at this sale for $800 and taxes, and that in so doing Watkins was guilty of a fraud.

On the 18th of August, 1891, an amended bill was filed in which the same allegations were made, John W. Cottrell's wife was made a party plaintiff, and Wise and Logan, trustees, parties defendant.

On the 1st of December, 1891, defendants demurred to the original and amended bills, as follows : " The defendants say that the bill and amended bill are not sufficient in law." On the next day the court sustained the demurrer without giving its reasons either in the decree or in a written opinion.

On the 18th of December, 1891, plaintiffs moved the court to set aside this decree, and allow them to file a second amended bill. This bill contains the same allegations as the first two, goes more specifically into the charges of fraud against Watkins, makes D. S. Cates, administrator of Joseph F. Cottrell, a party defendant, and alleges a lack of funds and confidence in his brother as reasons why John W. Cottrell allowed Joseph F. to keep his notes for ten years, stood by and saw the land sold at auction without protest, negotiated with Watkins for a reconveyance of the land upon the payment of his debt, failed to pay Watkins his debt which he agreed to accept, and did not bring suit till 1891.

The Circuit Court refused to allow this second amended bill to be filed, but its action in this respect was reversed by this court on appeal, and the bill was filed after the case was remanded. Watkins answered the bill, denying all of its allegations and especially all charges of fraud. One deposition was taken on behalf of the complainant, and it was then agreed between the counsel in the case to submit the case for hearing upon the stipulation of counsel. After this agreement had been entered into, but before the cause had actually been submitted, counsel was retained by D. S. Cates, administrator of Joseph Cottrell, deceased, who objected to the hearing of the cause at that time, and gave notice that he would, at a subsequent day, ask to take the depositions of the complainant and of his brother, Benjamin Cottrell, in his behalf. It was insisted by counsel for Watkins that the name of the administrator of Joseph Cottrell, was simply being used for the purpose of taking the depositions of these two witnesses who were incompetent if called by any other party; that Benjamin Cot-

trell was not a party to the suit and had no interest in the controversy, because the note upon which he was bound had not been protested, and he was thereby released, and that Watkins had formally released all claim which he might have or which might arise out of the transaction against the estate of Joseph F. Cottrell, and that therefore the estate of Joseph F. Cottrell was not interested in the matter, and the suit should be dismissed as to the administrator. Exceptions on these and other grounds were filed by Watkins and those claiming under him. In addition to these exceptions, Charles T. Watkins filed his petition in the cause setting out all the facts and asking to have the depositions excluded. Cates, as administrator of Joseph F. Cottrell, demurred to and answered this petition. In his answer he denies that the estate of his intestate is not interested in the results of the suit notwithstanding the release by Watkins, and on the contrary avers that "his decedent's estate will be liable for said property or its value if the same is allowed to be taken to satisfy the accommodation notes given by John W. Cottrell, and set out in these proceedings." The case was heard on February 20, 1897, on all the pleadings above mentioned, including the petition of Watkins, and the demurrer and answer thereto, and the depositions of John W. and Benjamin Cottrell, and on the exceptions and objections made thereto. The court, without passing upon the exceptions, dismissed the original and amended bills, with costs to the defendants. From this decree the complainants appealed.

*L. O. Wendenburg,* for the appellants.

*Thos N. Carter, W. P. De Saussure,* and *M. M. Gilliam,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is the second time this case has been to this court. *Cottrell* v. *Watkins,* 89 Va. 801. The former appeal was from

a decree sustaining a demurrer to the original and amended bills upon the ground of laches, and from a decree refusing to permit a second amended bill to be filed, explaining the complainant's delay in bringing his suit.

Upon that appeal it was held that the allegations of the second amended bill fully accounted for the complainant's delay in asserting his rights, and that his pleadings stated a case entitling him to relief.

The decrees then complained of were reversed, and the cause remanded, with direction to the trial court to allow complainant to file his second amended bill, and for further proceedings to be had in accordance with the views expressed in the opinion of the court.

The second amended bill was filed as authorized. To it and the original and first amended bill the defendants filed their answers (some of them also demurring). Upon a hearing of the cause, the bills were dismissed. From that decree this appeal was allowed.

As the sufficiency of the complainant's pleadings was decided upon the former appeal, no further notice will be taken of the demurrers.

Objections were made to the reading of the depositions of the complainant, and his brother, Benjamin Cottrell. First, on the ground that they were taken after an agreement had been entered into between all the parties by which the evidence in the case was closed, and the cause set for hearing upon an agreed state of facts. This objection was not well taken, because the record shows that the personal representative of Joseph F. Cottrell, deceased, in whose behalf the depositions were, or purport to have been, taken was no party to the agreement, and was not represented by either of the counsel who signed it. Another ground of objection is that the deponents were parties to the original contract or transaction which was the subject of the investigation, and that Joseph F. Cottrell, the other party to it, being dead, they were incompetent

witnesses (Code, sec. 3346), and were not rendered competent by the action of the personal representative of Joseph F. Cottrell calling them to testify in his behalf, because his decedent's estate had no interest in the suit, or, if it did, the parties objecting to the reading of the depositions had, before their taking, released his decedent's estate from any and all claims which had or might arise out of the suit, or the property or notes involved in it, and for the further reason that, while called in the name of the personal representative of Joseph F. Cottrell to testify in favor of his decedent's estate, they were in fact examined at the instance of the deponents themselves, who testified in their own favor, and against the estate of Joseph F. Cottrell.

While the record shows that the evidence of these witnesses was, in large measure, favorable to the complainant and to the predjudice of Joseph F. Cottrell's estate, and causes surprise that they should have been examined by the administrator of the latter, yet it does not establish the charge of collusion upon which the exceptions are based, even if such collusion could be considered in passing upon the admissibility of the depositions. The offer of Watkins to release Joseph F. Cottrell's estate from any and all claims which had arisen or which might arise out of the suit, or the property or notes involved in it, might have been sufficient to protect it from liability on that account so far as Watkins was concerned, but how could that release protect Joseph F. Cottrell's estate from liability to the complainant if the notes which the latter's property had been sold to satisfy were accommodation notes made by him for the benefit of Joseph F. Cottrell, and for whose payment his estate was primarily liable?

We are of opinion that neither of the objections to the depositions were well taken.

Upon the merits the record shows that the notes for which the house and lot were sold by Wise and Logan, trustees, were accommodation notes made by the complainant, and endorsed

by Benjamin Cottrell, for the benefit of their brother, Joseph F. Cottrell; that the latter used them in the payment of his own debt; that when they became due he paid them, and took up the notes; and that, subsequent to the date of their maturity, he delivered them to the appellee, Watkins, for value.

Watkins insists that, while it is true that the transferee of ordinary negotiable paper overdue acquires no better title than that which his transferrer had, yet that this rule does not apply to accommodation paper.

Whatever be the correct doctrine as to the rights of a *bona fide* purchaser of overdue accommodation paper, that question is no longer an open one in this case. Upon the former appeal, it was held that such a purchaser gets no better or greater right to enforce it against the maker or endorser than if it were ordinary negotiable paper given for value, and that an accommodation note paid at its maturity by the real debtor, though he is not a party to it, cannot thereafter be transferred by him so as to give it validity against the accommodation maker and endorser. That decision is the law of the case—not upon the principle of *stare decisis*, but of *res judicata;* for it is settled law that questions decided upon an appeal cannot be reviewed or reversed upon any subsequent appeal in the same cause. *Holleran* v. *Meisel*, 91 Va. 143, 148.

Watkins having acquired no rights against the maker and endorser of the notes by his purchase from Joseph F. Cottrell, the sale of the complainant's property by Logan and Wise, trustees, was a fraud upon the complainant's rights, and entitled him to have the sale set aside unless he had lost his right to do so by laches.

In justice to Mr. Watkins, it is proper to say that there is nothing in the record to show any intentional misconduct on his part in having the trustees sell the trust property to satisfy the notes held by him. He was evidently laboring under the impression, as was his counsel, that under the decision in *Davis* v. *Miller*, 14 Gratt. 1, he had the legal right to have it sold for their payment.

Upon the former appeal it was held that the facts alleged in his second amended bill, which are substantially sustained by the evidence, explain " in the most satisfactory manner * * * everything savoring of laches and acquiescence, and why he did not resist the sale made by said trustees." That decision is conclusive of the question of laches.

We are of opinion, therefore, that the complainant, upon the facts proven, and the law applicable thereto, as settled by the former appeal, was entitled to have the sale of the trust property made by Logan and Wise, trustees, to Watkins; the sale by Watkins to John T. Jones, and the sale by Jones to the Richmond Coal Mining and Manufacturing Company set aside and annulled, and that the Circuit Court erred in not so decreeing, instead of dismissing the complainant's bills.

The decree appealed from must be reversed and set aside, and the cause remanded to the Circuit Court of Henrico county, to be there proceeded with in accordance with the views expressed in this opinion.

*Reversed.*