# CRIMINAL CASES.

### Richmond.

LONGLEY v. COMMONWEALTH.

DECEMBER 13, 1900.

1. APPEAL AND ERROR—*Excluding Answers to Question in Trial Court—Bill of Exception—What Must be Shown—Voir Dire.*—The refusal of the trial court to permit a witness to answer a question will not be reviewed by this court unless the bill of exception shows what was proposed or expected to be proved by the witness. The same rule applies to the examination of a juror on his *voir dire.*

2. APPEAL AND ERROR—*Excluding or Admitting Evidence in Trial Court—Bill of Exception.*—This court will not review the ruling of the trial court on a motion to reject or admit evidence, unless a bill of exception is duly taken, clearly and distinctly pointing out each erroneous ruling complained of.

3. JURIES—*Consulting of Verdict—Custody.*—It is not necessary that a jury should be placed in charge of an officer when they go to their room to consult of their verdict. They are constructively in court when consulting of their verdict, and their deliberations should be as free from the presence of an officer as of others.

4. MURDER—*Degrees—Burden of Proof.*—All murder is presumed to be murder of the second degree, and the burden is on the Commonwealth to elevate it to murder of the first degree, and on the prisoner to reduce it below murder of the second degree.

5. MURDER — *Deadly Weapon — Provocation — Extenuation—Burden of Proof.*—A mortal wound given with a deadly weapon in the previous possession of the slayer, without any provocation, or even upon slight provocation, is *prima facie* a wilful, deliberate, and premeditated killing, and throws on the prisoner the necessity of shewing extenuating circumstances.

6. CRIMINAL LAW—*Drunkenness as Excuse.*—A person, whether he be an habitual drinker or not, cannot voluntarily make himself so drunk as to become, on that account, irresponsible for his conduct during

such drunkenness. Voluntary drunkenness is no excuse for crime.

7. CRIMINAL LAW—*Insanity—Drunkenness—Reasonable Doubt—Burden of Proof.*—Where a prisoner relies on the defence of insanity, or irresponsibility produced by voluntary intoxication, it is not sufficient for him to raise a rational doubt on the minds of the jury as to whether he was responsible or not, but the burden is on him to prove to the satisfaction of the jury that he was not responsible.

8. CRIMINAL LAW—*Presumption of Innocence—Suspicion.*—Every man is presumed to be innocent until his guilt is established beyond a reasonable doubt. Mere suspicion or probability of guilt, however strong, is not sufficient. Guilt must be established so clearly as to exclude every reasonable hypothesis to the contrary.

9. CRIMINAL LAW—*Circumstantial Evidence.*—Circumstantial evidence is legal and competent in criminal cases, and, if it is so strong as to exclude every reasonable hypothesis, other than the prisoner's guilt, is entitled to the same weight as direct testimony.

10. APPEAL AND ERROR—*Instructions—Evidence to Support—Presumption.*—Where the evidence is not certified to this court by proper bill of exception, it will be presumed that there was evidence before the trial court to support the instructions given by it.

11. INSTRUCTIONS—*Oral Explanations.*—A trial court may give oral explanations of written instructions, and if the two taken together clearly and accurately state the law, it is sufficient.

12. INSTRUCTIONS—*Jury Fully Instructed.*—It is not error to refuse to further instruct the jury when they have already been fully instructed.

Error to a judgment of the County Court of Washington county, rendered June 9, 1900, sentencing the plaintiff in error to the penitentiary for thirteen years on an indictment for murder.

*Affirmed.*

The opinion states the case.

*Daniel Trigg, Honaker & Hutton,* and *R. R. Kane,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

The plaintiff in error was convicted of murder in the second

degree and sentenced, in accordance with the verdict of the jury, to a term of thirteen years in the penitentiary. A motion for a new trial having been overruled by the County Court of Washington county, the judge of the Circuit Court of that county was applied to for a writ of error which was refused, and thereupon a writ of error was awarded by one of the judges of this court.

The refusal of the court to allow a juror, who was being examined on his *voir dire*, to answer certain questions asked by counsel for the prisoner, is assigned as error.

The answers made by the juror to questions propounded by the court had shown that the juror was not competent, and no further examination was necessary. Conceding, however, that counsel had the right to test the eligibility of the juror by further examination, it does not appear that any injury resulted to the prisoner from the refusal of the court to permit the questions to be answered. The answers expected are not given, and hence their materiality does not appear. This court has repeatedly held that, where a question is asked, and the witness is not permitted to answer it, in order to have that action reviewed in an appellate court, the record must show what the party expected or proposed to prove by the witness. The same rule applies in the examination of a juror on his *voir dire*, the reason being, in both cases, that a judgment will not be reversed because evidence has been excluded or rejected, unless its materiality is shown. *Atlantic & D. R. Co.* v. *Reiger*, 95 Va. 418.

It is assigned as error that the court refused to allow sundry witnesses to answer certain questions asked by counsel for prisoner. And it is further assigned as error that, on motion of the Commonwealth, and over the objection of the prisoner, the court directed the jury to view the scene of the alleged crime, without assigning any reason therefor, there being, as contended, no conflict or question as to the location or measurements shown by the Commonwealth.

In the progress of the trial, these objections were noted on the record, but no bills of exception were taken defining or pointing out the errors so that this court can consider the propriety or impropriety of the action complained of. It is a settled rule of practice in this State that, in order to have the benefit in an appellate court of exceptions taken in the progress of a trial, to the ruling of the court upon a motion to reject or admit evidence, it is necessary that a bill of exception should be asked for, and signed by the judge, clearly and distinctly pointing out each erroneous ruling complained of, otherwise the objection taken will be regarded as abandoned. *Norfolk, &c. R. Co.* v. *Shott*, 92 Va. 34; *Kibler's Case*, 94 Va. 804.

Though not assigned as error in the petition, either to the Circuit Court, or to this court, it is contended in argument that it was error to send the jury to their room to consult of their verdict without placing them in charge of an officer, and that the record must show affirmatively that this was done.

The order in question shows that the jurors were brought into court by the sheriff and deputy sheriffs of the county, to whom they were committed on the previous day, and, after having fully heard the evidence and arguments of counsel, were sent out of court to consult of their verdict, and, after some time, returned into court, and upon their oaths announced their verdict. The language, "were sent out of court to consult of their verdict," means no more than that the jury retired to their room for the purpose mentioned, and is the equivalent of the language usually employed in such orders, "retired to consult of their verdict." The order is in accordance with the universal practice in this State. It has never been regarded as necessary that the jury should be placed in charge of an officer when they go to their room to consult of their verdict. They are constructively in court when consulting of their verdict, and their deliberations should be as free from the presence of the officer as from others.

The court gave the following instructions on behalf of the Commonwealth:

1. " The court instructs the jury that whoever kills a human being with malice aforethought is guilty of murder; that all murder which is perpetrated by poison, lying in wait, or any other kind of wilful, deliberate and premeditated killing, is murder in the first degree."

2. " The court further instructs the jury that all murders are presumed in law to be murder in the second degree, and, in order to elevate the offence to murder in the first degree, the burden of proof is on the Commonwealth, and, in order to reduce the offence below murder in the second degree, the burden is on the prisoner."

3. " The court further instructs the jury that a mortal wound given with a deadly weapon in the previous possession of the slayer, without any provocation, or even with slight provocation, is *prima facie* willful, deliberate and premeditated killing, and throws upon the prisoner the necessity of showing extenuating circumstances."

4. " The court further instructs the jury that drunkenness or voluntary intoxication is no excuse for crime, although such drunkenness may be the result of long continued and habitual drinking, without any purpose to commit crime, and may have produced a temporary insanity during the existence of which the criminal act is committed; in other words, a person whether he be an habitual drinker or not, cannot voluntarily make himself so drunk as to become on that account irresponsible for his conduct during such drunkenness."

5. " The court further instructs the jury that circumstantial evidence is legal and competent in criminal cases, and if it is of such a character as to exclude every reasonable hypothesis, other than that the defendant is guilty, is entitled to the same weight as direct testimony."

6. " The court further instructs the jury that the law presumes the accused to be innocent until he is proved guilty beyond a reasonable doubt, and if there is upon the minds of the jury any reasonable doubt of the guilt of the accused, the law makes it their duty to acquit him, and that mere suspicion or probability of his guilt, however strong, is not sufficient to convict, nor is it sufficient if the greater weight or preponderance of evidence supports the charge in the indictment. But to warrant his conviction, his guilt must be proved so clearly, and the evidence thereof must be so strong, as to exclude every reasonable hypothesis of his innocence. But in this connection the court further tells the jury that in cases like this, where the prisoner sets up the defence of insanity or irresponsibility produced by voluntary intoxication, he cannot rely simply on having raised a rational doubt in the minds of the jury as to whether he was so drunk at the time he committed the crime as not to be responsible therefor, but the burden is upon him to prove this fact to the satisfaction of the jury as fairly results from all evidence."

The court gave the following instructions on behalf of the prisoner:

1. " The court instructs the jury that the absence of all evidence of an inducing cause or motive to commit the offence charged, when the fact is in reasonable doubt as to who committed it, affords a strong presumption of innocence."

2. " The court instructs the jury that the guilt of the accused is not to be inferred, because the facts proven are consistent with his guilt, but they must be inconsistent with his innocence."

3. " The court instructs the jury that drunkenness voluntarily produced does not excuse crime. Yet, when a homicide, admitting of different degrees of punishment under the law, has been committed by a person in such a condition of drunkenness as to render him incapable of a wilful, deliberate, and premedi-

tated purpose, the jury cannot find the prisoner guilty of murder in the first degree."

4. " The court instructs the jury that to warrant the conviction of the prisoner every fact necessary to establish his guilt must be proved beyond a reasonable doubt; and especially so where the evidence is wholly circumstantial. The accused is entitled to acquittal unless his guilt is proved to the exclusion of every reasonable hypothesis of his innocence. And although the jury believe that the evidence is sufficient to create a strong suspicion of guilt, yet this is insufficient to warrant the conviction of the accused of any offence."

5. " The court instructs the jury that if they believe from the evidence that Longley killed Broiles, as charged in the indictment, and, at the time of such killing, Longley was under the influence of liquor voluntarily taken by him, then said intoxication so produced is in law no excuse for the act done by Longley, unless they believe from the evidence that such intoxication was such as did in fact deprive him at the time of killing of the mental capacity to form a malicious purpose to kill, in which event they may find Longley guilty of murder in the second degree or manslaughter."

The prisoner objected to the instructions given for the Commonwealth, and saved the objection by a proper bill of exceptions. No bill of exceptions, signed by the judge, was taken containing the evidence adduced before the jury, and hence we must assume that there was evidence to support the instructions given. The chief objection is made to the latter part of Instruction No. 6, beginning with the words: " But in this connection, the court further tells the jury," etc. This is objected to upon the ground that it assumes that the prisoner committed the crime. The language used, certainly when read in connection with the other instructions, is not, we think, subject to the construction sought to be placed upon it. All doubt, however, of

its meaning was put at rest by the following explanation, given orally by the court to the jury before they retired to consult of their verdict, which is made a part of the bill of exception under consideration: " The court, in regard to the latter part of the foregoing instruction, tells the jury that it is not intended to deny the prisoner the benefit of all or any reasonable doubt, but simply to show how the law requires a plea of insanity, or drunkenness to such a degree as to produce insanity or irresponsibility, to be proven. The evidence necessary to establish such defence must be satisfactory to the jury, and the conclusion such as fairly results from the evidence. And, in this connection, the court now again further instructs the jury that, if they have any reasonable doubt whatever of the guilt of the prisoner, Edmund Longley, they must acquit him, if any such doubt they entertain in this case." The first part of the instruction, down to the words we have quoted, was asked for by the prisoner, and the latter part, with the explanation quoted, is free from objection.

Without prolonging this opinion to comment separately upon the instructions given for the Commonwealth, it is sufficient to say that they announce familiar principles of the law of homicide, and are expressed substantially in language that has often received the sanction of this court.

A number of instructions were asked for by the prisoner, which the court declined to give, and this action of the court is made a further assignment of error. So far as these instructions stated the law correctly, they were fully covered by the instructions which the court gave, and therefore it was not error to reject them.

It follows, from what has been already said, that there was no error in the refusal of the court to set aside the verdict as contrary to the law and the evidence.

In disposing of this case, we have been guided and controlled by wise and well settled rules of practice, established in the

interest of justice, which it is our duty to maintain and enforce. They have been enforced here with less reluctance, because an examination of the evidence copied into the record, though not in law a part of it, satisfies us that no injustice has been done the prisoner in the result.

For these reasons the judgment must be affirmed.

*Affirmed.*