# Richmond.

WEST, BY, &C., V. RICHMOND RAILWAY & ELECTRIC CO.

JANUARY 21, 1904.

Absent, Cardwell, J.

1. APPEAL AND ERROR—*Parol Agreements of Counsel.*—This court will not undertake to settle the merits of a controversy between counsel in the court below as to whether there was a parol agreement between them that the stenographer's report of the evidence in a case should be treated as a part of the record.

2. RECORD—*Bill of Exceptions—Evidence Given at Trial—Certiorari.*— The evidence given on the trial of an action at law is no part of the record unless made so by a bill of exception, and, though copied into the record by the clerk, cannot be considered by this court, nor can the situation be remedied by a certiorari, as there is no diminution of the record.

3. APPEAL AND ERROR—*Judgment of Trial Court—Presumption.*—All presumptions are in favor of the correctness of the decision of the trial court, and its judgment will not be reversed unless a proper bill of exception is taken setting forth definitely and specifically the allegation of error relied on, and so much of the evidence as is necessary to enable the appellate court to pass intelligently upon the question raised.

4. APPEAL AND ERROR—*Hardship.*—This court cannot relieve against the hardship of deciding a case without the evidence where the evidence has not been certified. Courts cannot undertake to prevent hardships in particular cases by departing from established principles.

Error to a judgment of the Circuit Court of Henrico county, in an action of trespass on the case, wherein the plaintiff in

error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Henry R. Pollard* and *E. M. Long,* for the plaintiff in error.

*Christian & Christian* and *M. M. Martin,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is the second appeal in this case. Upon the first trial there was a verdict and judgment for the plaintiff in error, who was the plaintiff in the court below, which judgment was reversed by this court on the ground of a material departure in the testimony from the case made by the declaration. The case was remanded to the Circuit Court for a new trial, with leave to the plaintiff, if so advised, to file an amended declaration. *Richmond Railway and Elec. Co. v. West,* 100 Va. 184, 40 S. E. 643.

At the new trial, upon an amended declaration, the jury returned a verdict in favor of the defendant, upon which the judgment now under review was rendered. Upon that trial the Circuit Court excluded all the testimony adduced by the plaintiff, or, rather, instructed the jury to disregard the testimony of the plaintiff, because the amended declaration charged one act of negligence, while the evidence tended to prove another. In other words, in the opinion of the Circuit Court there was on the second trial, as on the first, a fatal variance between the allegations of the declaration and the evidence relied on to support them. The plaintiff excepted to the ruling of the court, and doubtless intended to embody the testimony in the bill of

exception, but the record as copied and certified by the clerk contains no part of the evidence. It is true, there is printed in the same pamphlet with and immediately following the transcript of the record certified by the clerk what purports to be a stenographic report of the evidence at the trial, and it is insisted here that there was an agreement between counsel in the lower court that the report so produced might be treated as part of the record as if the same had been regularly made a part thereof. That statement, however, is controverted, and an issue is thus raised, the merits of which this court cannot undertake to determine. In this connection it appears that the stenographic report of the evidence in question was not lodged with the clerk of the Circuit Court until months after he had made out and certified a copy of the record, and the case was on the argument docket of this court. It is also insisted that upon the foregoing facts this court ought to award a writ of *certiorari* to compel the clerk of the Circuit Court to certify the report of the evidence produced as part of the record. But the facts relied on to warrant the issuance of a writ of *certiorari,* not only do not suggest a diminution of the record, but, to the contrary, show affirmatively that the report of the evidence constitutes no part of the record. It is apparent, therefore, that this court has no power to relieve existing conditions, either by *certiorari* or otherwise. It is settled practice that the evidence is not a part of the record, unless made so by bill of exception, and if copied into the record by the clerk it cannot be considered by this court.

In *Cunningham* v. *Mitchell,* 4 Ran. 189, Judge Green says: "The certificate of the clerk that these papers were the evidence upon which the judgment was founded cannot be received as part of the record. His certificate to that effect can have no more effect than that of any other individual. He can certify that such records exist in his office, but not what use was made of them. That ought to have been shown by the record; and it

was the duty of the party wishing to avail himself of the fact
*to have made it a part of the record."* Preston v. *The Auditor,*
1 Call, 471; *Bowyer* v. *Chestnut,* 4 Leigh, 1; *Roanoke Land and
Improvement Co.* v. *Karn & Hickson,* 80 Va. 589; *Johnson* v.
*Norton Land & Improvement Co.,* 90 Va. 267, 18 S. E. 36.

All presumptions are in favor of the correctness of the judg-
ment of the court below and against the exceptor, and unless
a proper bill of exception is taken, setting forth specifically
and definitely the allegation of error relied on and so much of
the evidence as is necessary to enable the appellate court to pass
intelligently upon the question raised, the judgment of the trial
court must be sustained. The plaintiff in error having failed
to observe that requirement by having the evidence at the trial
incorporated in the record, this court has nothing before it upon
which to base an opinion with respect to the ruling of the court
in the particular complained of. *Fitzhugh* v. *Fitzhugh,* 11
Gratt. 300; *Washington & New Orleans Tel. Co.* v. *Hobson,*
15 Gratt. 122; *Powell* v. *Tarry,* 77 Va. 250; *Fry* v. *Leslie,*
87 Va. 269, 274, 276, 12 S. E. 671; *Ferguson* v. *Wills,* 88 Va.
136, 140, 13 S. E. 392; *Trumbo's Admr.* v. *Street Car Co.,*
89 Va. 780, 17 S. E. 124; *Holleran* v. *Miesel,* 91 Va. 143, 21
S. E. 658; *Ampey's Case,* 93 Va. 108, 25 S. E. 226; *Longley*
v. *Commonwealth,* 99 Va. 807, 813, 37 S. E. 339.

With respect to the suggested hardship of disposing of the
case in the absence of the evidence, it may be remarked that the
court is not responsible for the omission, and is powerless to
supply the deficiency. In the practical administration of jus-
tice, courts must be satisfied to enforce the law as they find it.
They cannot undertake to prevent hardship in particular cases
by a departure from established principles.

It follows from what has been said that the judgment of the
Circuit Court must be affirmed.

*Affirmed.*