# THE PEOPLE *v.* WAR.

| 20 | 117 |
| 139 | 213 |

An indictment accusing the defendant of the crime of " an assault with a deadly weapon, with an intent to inflict upon the person of another a bodily injury, there appearing no considerable provocation therefor," sufficiently designates the offense with which the defendant is charged.

It is not necessary that an indictment should state in terms that the offense charged is a felony, or is a misdemeanor. The legal appellation of the crime, as given in the statute defining the offense, must be stated, and if from this the grade of a crime does not appear, it cannot be shown by the pleader calling it a felony or a misdemeanor.

Under the provisions of sections four and five of the Criminal Practice Act, distinguishing felonies and misdemeanors, any offense which may be or is liable to be punished by death or imprisonment in a State prison, is a felony; and any offense which is not liable to such punishment—that is, for which that grade of punishment cannot under any circumstances be inflicted—is a misdemeanor.

Although the offense charged in an indictment may, in the discretion of the Court in any particular case, be only punished by a fine, yet if the offense is one which is liable to be punished by imprisonment in the State prison, it must be prosecuted with the forms and solemnities of a crime of the grade of a felony.

Where to an indictment which charges an offense punishable either by imprisonment in the State prison or by fine, a demurrer interposed by the defendant is sustained, and the defendant has judgment thereon, from which the people appeal: *Held,* that no judgment having been pronounced which protects the defendant from liability to be punished by imprisonment in the State prison, this Court has jurisdiction of the appeal.

Appeal from the Court of Sessions of Santa Clara.

Defendant demurred to the indictment. Demurrer sustained, and judgment thereon entered in favor of defendant, from which this appeal is taken by the people.

The indictment is as follows: ." William War is accused by the Grand Jury of the county of Santa Clara, State of California, by this indictment, of the crime of an assault with a deadly weapon, with an intent to inflict upon the person of another a bodily injury, there appearing no considerable provocation therefor, committed as follows, to wit: The said William War, on the ninth day of July, A. D. 1861, and before the finding of this indictment, at the county of Santa Clara, and State of California, with force and arms, in and upon one John Hassinger, then and there being, did feloniously make an assault, with a deadly weapon, to wit: a certain dirk

knife, of the length of ten inches; which said knife he, the said William War, then and there had and held in his right hand, and then and there did cut, wound and strike him, the said John Hassinger, with said knife, in and upon the right arm and right side of him, the said John Hassinger, with the intent then, and there, and thereby, unlawfully and feloniously to inflict, by means of the knife aforesaid, upon the person of him, the said John Hassinger, a bodily injury—there appearing no considerable provocation therefor—contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the people of the State of California."

*Frank M. Pixley, Attorney General,* for Appellant.

*Hereford & Williams,* for Respondent.

I. An appeal does not lie. In criminal cases an appeal cannot be taken to this Court unless the offense charged, or of which the party has been found guilty, amounts to a felony. (Sec. 4, art. 6, State Constitution.) The people appeal, and must show affirmatively the right of appeal. It is not sufficient to show that if prosecuted further the offense might have amounted to a felony. It must amount to a felony at the time the appeal is taken. (*People v. Cornell*, 16 Cal. 187.)

II. The acts creating the offense charged, and providing for its trial and punishment, violate the constitutional provision as to the right of trial by jury. They devolve upon the Court the right, and make it its duty to try the most important question involved in the case, to wit: the question whether the defendant is guilty of a felony or a misdemeanor.

III. The indictment does not sufficiently charge the offense— does not show whether defendant is accused of a felony or misdemeanor.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The indictment in this case is for the crime of " an assault with a deadly weapon, with intent to inflict upon the person of another a

bodily injury, there appearing no considerable provocation therefor." A demurrer to the indictment was sustained, and the people have appealed.

The indictment is proper in form. The offense could not be stated in any other mode that would better comply with the rules of criminal pleading or the requirements of the Act to regulate proceedings in criminal cases. Section two hundred and thirty-seven of that Act requires the acts constituting the offense to be stated. According to the form given in section two hundred and thirty-eight, it is proper to precede the statement of the acts constituting the offense by a statement of the crime of which the party is indicted, " giving its legal appellation, such as murder, arson, manslaughter, or the like, as designating it as felony or misdemeanor." This does not require that it shall be called a felony or a misdemeanor, but it assumes that the legal appellation of the crime will itself show whether it is a felony or a misdemeanor. If the legal appellation of the crime as given in the statute defining the offense does not show whether it is a felony or a misdemeanor, it cannot be made or shown to be one or the other by the pleader calling it a felony or a misdemeanor. In this indictment the legal appellation, that is, the designation of the crime as given in section fifty of the Act concerning Crimes and Punishments, which creates the offense, is properly set forth.

The real objection to this indictment, if there be any, is that the facts set forth do not constitute a public offense, because the punishment prescribed being either imprisonment in the State prison or a fine, it does not appear whether it is a felony or a misdemeanor, and hence it does not necessarily fall within any class of crimes known to the law. The discretion given as to the punishment certainly does not make the same act two offenses, and it would be a singular consequence if ·the fixing alternative punishments belonging to different classes of crimes should prevent a criminal act from being indictable as any crime. We think, however, there is no uncertainty as to the grade of the crime charged. "A felony is a public offense, punishable by death or by imprisonment in a State prison. Every other public offense is a misdemeanor." (Act to regulate proceedings in criminal cases, secs. 4, 5.) Under these

definitions, any offense which may be or is liable to be punished by death or imprisonment in the State prison is a felony. Any offense which is not liable to such punishment—that is, for which that grade of punishment cannot under any circumstances be inflicted— is a misdemeanor. Although the offense charged in this indictment may, in the discretion of the Court in any particular case, be only punished by a fine, yet the offense is one which is punishable, which is liable to be punished, by imprisonment in the State prison, and hence it must be prosecuted with the forms and solemnities of a crime of the grade of a felony.

The case being one of felony, it follows that this Court has jurisdiction of the appeal.

The case of *The People* v. *Cornell* (16 Cal. 187) decides that a judgment, in a case like this, which has limited the punishment to a fine, cannot be appealed to this Court as not being a case of felony. But that was upon the ground that a judgment appealed from was a judgment for a misdemeanor, and that the nature and extent of the punishment fixed the right of appeal. The consequences of the judgment from which the appeal was taken were not of that gravity which the Legislature had deemed requisite to authorize an appeal to this Court. In the present case, no judgment has been pronounced which protects the defendant from liability to be punished by imprisonment in the State prison. As the point ruled in that case is not the same as the one presented in this, it is not necessary to decide whether the reasons assigned in the two cases are strictly reconcilable.

Judgment reversed, and the Court below directed to give judgment for the plaintiff on the demurrer, with leave to the defendant to plead to the indictment.