# CRIMINAL CASES.

## Richmond.

HARDING v. COMMONWEALTH.

broos

March 1, 1906.

1. CRIMINAL LAW—*Warrants—Particularity of Charge.*—A warrant charging an unlawful sale of liquor need not set forth wherein the sale was unlawful, nor detail the circumstances which go to make up the offense. It is sufficient if it charges the offense with such certainty as will apprise the accused of the precise offense with which he is charged, and is such that judgment thereon, upon vouching the record, will protect him from a second prosecution for the same offense. It need not have the particularity or technical precision of pleading required in an indictment.

2. CRIMINAL LAW—*Evidence—Sale of Liquor—Time of Sale Charged—Proof of Sale to Another at Different Time.*—Upon the trial of a warrant charging an unlawful sale of liquor to A "and divers others" on April 29, 1905, evidence of sale to B on March 11, 1905, is not admissible, although the latter date is within the statutory period for which the warrant might have been issued. This is a separate transaction, constituting an offense not embraced within the terms of the warrant, and of which it cannot be said that the accused had notice. To cover both sales, the warrant should have charged the sale to A and divers other persons between specified dates, *e. g.,* March 11 and April 29, 1905, both inclusive.

3. CRIMINAL LAW—*Unlawful Sale of Liquor—Asking Accused as to United States License—Harmless Error.*—Upon the trial of a warrant charging an unlawful sale of liquor, the defendant cannot be asked if he has not a "United States license for the retail of liquor," but if the question be asked over the defendant's objection, and the court informs the defendant that he is not bound to answer, and instructs the jury that no inference or deduction

can be drawn by them against the defendant from his refusal to answer, the propounding of the question is not reversible error.*

4. CRIMINAL LAW—*Liquor License—General Law—Special Acts—Lancaster County.*—Special acts prohibiting the sale or manufacture or ardent spirits in any county, district or town, are not repealed by the general law regulating the sale of ardent spirits contained in Acts 1902-'03-'04, pp. 155, 217, and violations of said special acts are to be punished as therein prescribed, and not as prescribed by the general law. Under the special act for Lancaster county the judge of the Circuit Court has no power to add imprisonment to a fine imposed by the jury.

Error to a judgment of the Circuit Court of Lancaster county, on a prosecution for unlawfully selling liquor. Defendant, being found guilty, assigns error.

*Reversed.*

The opinion states the case.

*T. J. Downing, W. B. Sanders* and *Jos. W. Chinn, Jr.,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

W. O. Harding was tried and convicted by a justice of the peace of Lancaster county, upon a warrant charging that he, "on the 29th day of April, 1905, in White Stone Magisterial District, in said county, did unlawfully sell to one William K. Powell, and to divers other persons, malt liquors, whiskey, brandy, wine, ale, beer, and mixture thereof, alcoholic bitters, bitters containing alcohol and mixtures, preparations and liquids which will produce intoxication." By the judgment of the jus-

---

*Note by Reporter.—It is now provided by Acts 1906, ch. 236, that the possession of a United States internal revenue tax receipt for the sale of ardent spirits in this State shall be **prima facie** evidence of the sale of such spirits.

tice a fine of $300, and imprisonment in the county jail for ten days was imposed upon the defendant, and from that judgment he appealed to the Circuit Court of Lancaster county, in which there was a trial *de novo,* and the defendant was again convicted by the verdict of the jury, and assessed with a fine of $500, to which the judge added imprisonment in the county jail for a term of two days.

The first assignment of error here is that the demurrer to the warrant should have been sustained. This contention is made upon the ground, as it would seem, that the same particularity and technical precision of pleading is required in a warrant as is necessary in an indictment for a criminal offense.

Section 4108 of the Code provides that "The appeal shall be tried without formal pleadings in writing, and the accused shall be entitled to trial by a jury in the same manner as if he had been indicted for an offense in said court."

While formal pleadings are by the statute dispensed with on a trial where an appeal has been taken from the judgment of a justice convicting one of an offense, the charge of the offense must be sufficiently clear and specific to inform the accused of the precise offense with which he is charged.

In *Arrington's Case,* 87 Va. 96, 12 S. E. 224, 10 L. R. A. 242, it was held that "an indictment for unlawful liquor selling should describe the offense in such plain and intelligible language that the accused may have notice of the precise offense with which he is charged."

Obviously the reason for the more rigid enforcement of the rule in this class of cases is that every unlawful sale of whiskey, whether unlawful because in violation of the revenue laws, the local option laws, or a special act prohibiting the sale of liquor in a particular county or locality, is a separate and distinct offense, and the charge must be so made as not only to apprise

the accused of the precise offense with which he is charged, that he may prepare to meet the charge and not be taken by surprise when brought to trial, but that he may plead former conviction or acquittal, as the case may be, and vouch the record of the case, if thereafter he be put upon his trial for the same offense. 10 Ency. Pl. & Pr. 473, 511, and authorities cited.

The warrant here charges the accused, clearly and distinctly, with unlawful selling of malt liquor, whiskey, etc., to one William K. Powell and divers other persons on the 29th day of April, 1905, in White Stone Magisterial District, in Lancaster county. While not necessary, the time of the unlawful sale is charged in the warrant, and the place named, though in this case the place was not of the essence of the offense, except that it must have been in White Stone Magisterial District of Lancaster county. *Savage's Case,* 84 Va. 582, 5 S. E. 563, 565; *Arrington's Case, supra.* There could have been no surprise to the defendant when put upon trial on this warrant, as it fully apprised him of the charge made against him, and had he been convicted of that charge he could plead the conviction and vouch the record in bar of a subsequent prosecution against him for unlawful sale of liquor, &c., to William K. Powell, or to any other of the divers persons referred to in the warrant, on the 29th day of April, 1905, in White Stone Magisterial District, in Lancaster county. To hold, as is contended, that a warrant charging the unlawful sale of liquor must set forth wherein the sale was unlawful, and state all the circumstances which make up the statutory offense, would be to require of a warrant like that in the case here the same formality and definiteness of pleading that is required of an indictment, which would render section 4108 of the Code, *supra,* meaningless, or of no avail.

We are, therefore, of opinion that the demurrer to the warrant was properly overruled.

As we have seen, the warrant averred a sale of malt liquor, whiskey, etc., to one William K. Powell, and to divers other persons, on the 29th day of April, 1905, and one Clarence Balderson was allowed, over the objection of the defendant, to testify that the defendant sold him whiskey on the 11th day of March, 1905.

This was error. While it might have been permissible, under this warrant, to prove sales to other persons than Powell on the day named in the warrant, for the reason that other sales on that day would constitute but one and the same transaction, and that the charge of the warrant furnished the defendant with notice that he was charged with the other sales made on the 29th day of April; but evidence of a sale to Balderson on March 11th was that of a separate and distinct transaction, constituting an offense not embraced within the terms of the warrant, and of which, it cannot be said, the defendant had notice that he would be charged and put upon his defense.

"An indictment for an unlawful selling of ardent spirits to one person will not authorize proof of selling to another." *Taggart's Case,* 8 Gratt. 697.

"If proof shows a different offense from that alleged in the indictment, the variance will be fatal." 11 Ency. Pl. & Pr. 551.

Accordingly, it was held, in *Savage's Case, supra,* that the proof in such a case (unlawful sale of liquor) must show that the offense was committed in the district mentioned in the indictments, otherwise a conviction cannot be sustained. See, also, *Richardson's Case,* 80 Va. 124; Black on Intoxicating Liquors, sec. 505.

The fact that the warrant alleges a sale to Powell and divers other persons, and the time of sale offered in proof was within the statutory period prior to the issuing of the warrant, cannot

make the evidence of Balderson admissible. It is true that section 3889 of the Code limits prosecutions of this character to a period of one year after the offense is committed, and it is also true that the sale to Balderson was made, if at all, within the year preceding the institution of this prosecution, and that the defendant was liable to prosecution for such sale upon a warrant or indictment properly charging that offense; but the question here is not whether the sale to Balderson on March 11 was within the statutory period, or whether the time of the offense is imperfectly stated; the real question being whether or not evidence of an offense which is not alleged at all, either properly or improperly, is admissible. And this question becomes all the more important since the certificate of evidence in this record discloses no evidence upon which the defendant could have properly been found guilty of any sale of intoxicating liquor to Powell, or other person, on April 29, 1905, and if any sale at all was proven, it was only the sale to Balderson, on March 11, so that only of that sale, not charged perfectly or imperfectly in the warrant, was it possible for the jury to find him guilty. If the defendant were now put upon trial for selling liquor to Balderson, on March 11, 1905, a plea of former conviction would not avail him, as the record in this case would not show that he was charged with or tried for that offense. *Justice's Case,* 81 Va. 209; *Page's Case,* 27 Gratt. 954.

In *Hudson* v. *State,* 74 Miss. 784, 19 South. 965, the case came up for trial in the Circuit Court, on appeal from the Mayor's court, and the State was permitted to strike out the names of the three persons to whom it was charged in the affidavit the accused sold liquor, and he was convicted on the evidence of another person, who was not one of the three named, and who proved a sale to him by the accused when no other person was present besides himself and this witness. The

Supreme Court of Mississippi held that the conviction could not be upheld, and the case was remanded for a new trial, the opinion saying: "It is true that no averment of the names of the buyers in the affidavit was originally necessary, yet by making that unnecessary averment, it became essential as descriptive of the offense charged." See, also, Bish. Stat. Crime, sec. 1048; *State* v. *Chisnell* (W. Va.), 15 S. E. 412.

In the case just cited, the opinion, citing a number of decisions by this court, while holding that an indictment for the illegal sale of liquor may be general, and the State may, under such an indictment, prove any sale by the defendant within the statutory period, declares that if the indictment charged a particular sale, *i. e.*, but one transaction, the State would be tied down to that; and where the indictment is general, and the State has given evidence tending to show different sales, at the close of its evidence, before the defendant opens his evidence, the State should be required to elect the particular sale on which it would ask a verdict, and then all evidence relating to other sales should be excluded.

Had the warrant here charged the defendant with having between the 11th day of March, 1905, and the 29th day of April, 1905, both inclusive, sold to William K. Powell and to divers other persons intoxicating liquors, or had charged generally that the defendant had unlawfully sold intoxicating liquors to William K. Powell and to divers other persons, in White Stone Magisterial District, in Lancaster county, evidence of a sale to Balderson, on March 11, 1905, would have been admissible, as it would have been within the statutory period limiting the punishment of such an offense. But that is not the case, and the defendant had no notice of such a charge to be made against him, and, in contemplation of law, no opportunity to prepare his defense against such a charge. There-

fore, the evidence of Balderson as to the sale of liquor to him on March 11, 1905, was clearly inadmissible.

The attorney for the Commonwealth was permitted, over the objection of defendant's counsel, to ask the defendant on cross-examination the question, "Is it not a fact that you now have United States license for the retail of liquor?" The court told the defendant that he was not bound to answer the question, and instructed the jury that they could not draw any inference or deduction against the defendant from the fact of his refusal to answer the question.

While the question was, under the circumstances of this case, objectionable, and should not have been asked, in view of the instruction to the jury with respect to it, the defendant, in our opinion, could not have been prejudiced by the propounding of the question to him.

The ruling of the court below sentencing the defendant to two days' confinement in the county jail, in addition to the fine imposed by the verdict of the jury, is assigned as error.

There is no authority for this ruling, unless found in the act approved April 16, 1903 (Acts 1902-'03-'04, p. 155), where, in section 141, at page 224, with reference to unlawful liquor selling, it is provided: "A violation of the provisions of this section shall be deemed a misdemeanor, and shall be punished by fine of not less than twenty dollars, and, in the discretion of the court, by imprisonment not exceeding twelve months." But that section, at page 220, contains also the proviso "that this section (section 141) shall not be construed as repealing any special act prohibiting the sale or manufacture of ardent spirits in any county, district or town."

By the eighth section of an act approved April 2, 1902 Acts 1901-'02, p. 601), which is a special act, to suppress "the illegal and unlawful sale or traffic in ardent spirits" in Lan-

caster county, it is provided "That any person who is found guilty under the provisions of this act shall be fined not less than fifty nor more than five hundred dollars, and may be imprisoned until said fine is paid."

This statute remains in full force, and, therefore, the act of April 16, 1903, *supra,* was inoperative in the county of Lancaster when this case was tried; so that the court was without the authority to sentence the defendant to confinement in the county jail, in addition to the fine imposed by the verdict of the jury.

For the foregoing reasons the judgment of the Circuit Court must be reversed and annulled, the verdict of the jury set aside, and the case remanded for a new trial to be had, not in conflict with the views expressed herein.

*Reversed.*