874            QUILLIN'S CASE, 105 VA. 874.

# Wytheville.

QUILLIN v. COMMONWEALTH.

June 21, 1906.

Absent, Keith, P.

1. CRIMINAL LAW—*Information—Motion to Quash—Affidavit—Bill of Exception.*—On a motion to quash an information on the ground that it is not founded upon a complaint in writing verified by the oath of a competent witness, when the information recites that it is founded on the complaint and information in writing and on the oath of W., the burden is on the defendant to show that there was no such complaint or that the witness was incompetent, and if the bill of exception to the ruling of the trial court overruling the motion to quash fails to disclose such evidence, the decision of the trial court is not subject to review in this court.

2. INTOXICATING LIQUORS—*Illegal Sale in Scott County—General and Special Laws—Limitation of Prosecution—Punishment.*—The act of February 29, 1892 (Acts 1891-'92, p. 814), to suppress tippling houses and the illegal sale of ardent spirits in the counties of Lee,. Pulaski, Scott, Wise, Dickenson, Buchanan, Bland and Russell, is. not exclusive of the general law, but affords a cumulative remedy, so that it is competent for the Commonwealth to prosecute offenses against the revenue laws in the counties embraced in the special act, either under that act, or the general revenue statute. In this case the Commonwealth has elected to proceed under the general revenue statute, and the limitation is two years, as provided by Code, section 577, and not one as provided by Code, section 3889, and the judge has the right to add to the fine imposed by the jury confinement in jail not exceeding twelve months. Acts 1902-'03-'04, pp. 217, 218. *Harding* v. *Commonwealth, ante,* p. 858, distinguished.

3. EVIDENCE—*Competency of Witness—Conviction of Felony—Failure to Pay Fine.*—A witness who has not paid the fine imposed upon him on conviction of a felony is incompetent to testify. The mere

fact that he was held in jail for sixty days on a *capias pro fine* is not sufficient. This is not satisfaction, and the punishment is not complete until the judgment of the court has been fully discharged.

4. CRIMINAL LAW—*Felonies and Misdemeanors.*—If · the punishment prescribed for an offense charged in an indictment *may be* death or confinement in the penitentiary, it is a felony, notwithstanding the jury, upon conviction, actually imposes a less penalty, by virtue of a discretion allowed them.

Error to a judgment of the Circuit Court of Scott county, upon an information for a misdemeanor. To a judgment of conviction, the defendant assigns error.

*Reversed.*

The following is a copy of the information referred to in the opinion of the court:

"INFORMATION.

"*Commonwealth of Virginia,*
        "*In the Circuit Court of Scott County*:

"Be it remembered that J. F. Sergent, attorney for the Commonwealth for Scott county, who prosecutes for the Commonwealth of Virginia, in this behalf, in his own proper person comes into said court, on this the 10th day of May, 1905, and here gives the said court to understand and be informed that Elijah White has made complaint and information in writing, and on oath, that William F. Quillin, in said county did, within the last two years prior to this date, to-wit: On the ——— day of ——————, 1904, in said county, unlawfully sell by retail, wine, ardent spirits, malt liquors, or some mixture thereof, to divers persons and on divers occasions in Estillville Magisterial District, in said county, he, the said William F. Quillin, not

then and there having a license from the State of Virginia, so to do, against the peace and dignity of the Commonwealth.

J. F. SERGENT,
"Attorney for the Commonwealth, Scott Co., Va.

"State of Virginia, County of Scott—to-wit:

"This day Elijah White personally appeared before me, G. L. Dougherty, deputy clerk for the Circuit Court of Scott county, Virginia, and made complaint and information on oath, that W. F. Quillin has violated the revenue laws of the State of Virginia, within two years prior to this date, in this, to-wit: By selling wine, ardent spirits, malt liquors, or some mixture thereof, in Estillville Magisterial District, Scott county, Virginia, to divers persons and on divers occasions without a license so to do.

"Sworn to May 10, 1905.

"G. L. DOUGHERTY, D. C."

*Richmond & Bond* and *W. S. Cox,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

At the May term, 1905, of the Circuit Court of Scott county, the plaintiff in error, W. F. Quillen, was tried and convicted for selling by retail wine, ardent spirits, malt liquors or some mixture thereof, without a license. The jury assessed his fine at $200, and the court imposed the additional punishment of confinement in jail for ninety days.

The first assignment of error is to the action of the court in overruling the motion of the accused to quash the information. The grounds relied on to sustain that motion are that the information was not founded upon a complaint in writing verified by the oath of a competent witness, as required by statute (Code of 1887, sec. 3990); and because the offense is charged to have been committed within two years prior to the filing of the information, whereas it is alleged that the crime is a misdemeanor, the prosecution of which is limited to one year by section 3889 of the Code.

The first ground relied on not being apparent upon the face of the information, and not having been incorporated in the record by proper bill of exceptions, upon a familiar rule of practice, cannot be availed of in this court. The information is in the usual form, reciting "that Elijah White has made complaint and information in writing and on oath," etc.; and it was incumbent upon the accused, in support of his motion to quash, to show that there was no complaint in writing, and that Elijah White was not a competent witness, neither of which facts appears from the bill of exception. Davis' Crim. Law, 475-6; Synopsis of the Law of Crimes and Punishments (Minor) 307; 1 Bar. Law Pr. 673, et seq; West v. Rich'd. Ry. & Elec. Co., 102 Va. 339, 46 S. E. 330.

The second contention is based upon a casual remark of the learned judge who wrote the opinion in the recent case of Harding v. Commonwealth, ante, p. 858, 52 S. E. 832, that the limitation to a prosecution for the sale of liquor, in violation of the provisions of a special act applicable to Lancaster county (Acts 1901-'02, p. 601) was one year, under section 3889 of the Code. But the question of limitation did not arise in that case, it appearing that the offense was committed within one year prior to

the issuance of the warrant, and what was said on the subject was, therefore, not necessary to the decision of the case.

Section 3889 prescribes the limitation with respect to the prosecution of crimes *generally,* including misdemeanors, while section 577 of the Code applies *specially* to prosecutions for violations of the revenue laws, fixing the limitation in such case at two years.

The case in judgment is a prosecution for a violation of the State revenue laws, and is accordingly controlled by section 577 and not by section 3889.

We are further of opinion that this is a prosecution under the general revenue statute declaring the sale of wine, ardent spirits, malt liquors, or any mixture thereof, without a license, to be a misdemeanor, punishable by a fine of not less than twenty dollars, and, in the discretion of the court, by imprisonment not exceeding twelve months (Acts 1902-'03-'04, sec. 143, pp. 217, 218), and not, as contended, a prosecution under the special act, entitled "An act to suppress tippling houses, the illegal and unlawful traffic in ardent spirits in the counties of Lee, Pulaski, Scott, Wise, Dickenson, Buchanan, Bland and Russell," approved February 29, 1892 (Acts 1891-'02, p. 814).

That contention is evidently founded upon a misapprehension of the decision in *Harding* v. *Commonwealth, supra,* which was a prosecution under a special act approved April 2, 1902, to suppress the illegal sale or traffic in ardent spirits in the counties of Lancaster, etc., (Acts 1901-'02, p. 601). By section 9 of the foregoing act it is declared: "This act shall be so construed as to suppress the evil prohibited, and shall be taken to be in aid of the local option laws adopted by the said counties; but no penalty shall be imposed except as herein provided for." In the above mentioned case it is said: "The ruling of the court below sentencing the defendant to two days' confinement in the

county jail, in addition to the fine imposed by the verdict of the jury, is assigned as error.

"There is no authority for this ruling, unless found in the .act approved April 16, 1903 (Acts 1902-'03-'04, p. 155, ch. 148), where, in section 143, at page 224, with reference to unlawful liquor selling, it is provided: 'A violation of the provisions of this section shall be deemed a misdemeanor, and shall be punished by fine of not less than twenty dollars, and, in the discretion of the court, by imprisonment not exceeding twelve months.' But that section, at page 220, contains also the provision 'that this section (section 143) shall not be construed as repealing any special act prohibiting the sale or manufacture of ardent spirits in any county, district or town.'

"By the eighth section of an act approved April 2, 1902 (Acts 1901-'02, p. 601, ch. 516), which is a special act to suppress 'the illegal and unlawful sale or traffic in ardent spirits'. in Lancaster county, it is provided 'that any person who is found guilty under the provisions of this act shall be fined not less than fifty nor more than five hundred dollars, and may be imprisoned until said fine is paid.'

"This statute remains in full force, and therefore the act of April 16, 1903, *supra,* was inoperative in the county of Lancaster when this case was tried, so that the court was without the authority to sentence the defendant to confinement in the county jail in addition to the fine imposed by the verdict of the jury."

On the other hand, the act approved February 29, 1892, is not exclusive of the general law, but affords a cumulative remedy. The act expressly declares, at section 10, that it "shall be taken to be in aid of the revenue laws of the State." So that it is competent for the Commonwealth to prosecute offenses .against the revenue laws in the counties embraced in the special

act, either under that act or the general revenue statute. As we have seen, it elected in this instance to proceed under the general law, which, as remarked, declares a violation of the act to be a misdemeanor, punishable by a fine of not less than twenty dollars, and, in the discretion of the court, by imprisonment not exceeding twelve months.

It follows, therefore, that the assignment of error denying the authority of the court to inflict a jail sentence upon the accused, in addition to the fine imposed by the jury, is not well taken.

The next assignment of error involves the ruling of the court in admitting the testimony of Elijah White over the objection of the plaintiff in error. The ground of objection to the competency of the witness is that he had been convicted of a felony for which he had neither been pardoned nor punished at the time of testifying.

The statute on the subject is as follows: "Except where it is otherwise expressly provided, a person convicted of felony shall not be a witness, unless he has been pardoned or punished therefor, and a person convicted of perjury shall not be a witness, although pardoned or punished." Va. Code 1904, sec. 3898.

The witness had been tried and convicted under section 3671 of the Code of 1887 for unlawfully shooting and wounding, with intent to maim, disfigure, disable and kill, and sentenced to ninety days' imprisonment in jail and to pay a fine of twenty-five dollars. He had served out his term of imprisonment, and, upon a *capias pro fine,* was held for sixty days in jail, but had not paid the fine or costs of prosecution.

In sustaining the competency of the witness the trial court seems to have been of opinion that his confinement in jail for sixty days on *capias pro fine* was a satisfaction of the fine and

costs; and it is strenuously argued by the Attorney-General that the offense of which he was convicted was not a felony.

The statute affords a complete answer to the first proposition. After prescribing certain limitations to imprisonment for fines, it expressly provides that "nothing herein or in the preceding section shall prevent the issue of a writ of *fieri facias* after such release from jail."  (Acts 1895-06, p. 686) ; Va. Code 1904, sec. 4075.

This shows that the fine and costs are not satisfied by the imprisonment, which is but a means of enforcing payment, and the punishment is not complete until the judgment of the court has been fully discharged.

With respect to the remaining contention, the statute declares that "Offenses are either felonious or misdemeanors.  Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors." Va. Code 1904, sec. 3879.

In *Benton's Case,* 89 Va. 570, 16 S. E. 725, the accused was prosecuted under the statute, now found in Va. Code 1904, secs. 3705 and 3706, for housebreaking, etc.  The latter section reads: "If any person do any of the acts mentioned in the preceding section, with intent to commit larceny, or any felony other than murder, rape, or robbery, he shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the jury, confined in jail not exceeding twelve months and fined not exceeding five hundred dollars."  The accused was convicted of breaking and entering a house in the night-time with intent to commit larceny, and the jury fixed his punishment at twelve months in the county jail, and imposed upon him a fine of five dollars.  Subsequently, he was offered as a witness on behalf of the Commonwealth in a prosecution against Benton, who objected to his competency on the ground

that he had been convicted of a felony for which he had not been punished or pardoned; but the court overruled the objection and allowed the witness to testify. Upon writ of error, the judgment of the trial court was reversed, this court holding that the witness was guilty of a felony, and not having been punished or pardoned was an incompetent witness. The court said that a felony is such an offense as may be (*not must be*) punished by death or confinement in the penitentiary; and that the Legislature did not intend to leave the grade of any offense to the discretion of a jury.

It appears also from section 3903 of the Code that there are felonies which may be punished otherwise than by death or confinement in the penitentiary. It provides: "The term of confinement in the penitentiary, or in jail, of a person convicted of felony, if that punishment is prescribed, and the amount of the fine, if the felony be also punishable by fine, shall be ascertained by the jury, or by the court trying the case without a jury, so far as the term of confinement and the amount of the fine are not fixed by law." See, also, *Barker's Case*, 2 Va. Cases 122; *Forbes* v. *Comth.*, 90 Va. 550, 19 S. E. 164.

The doctrine is fully sustained by Professor Minor. "In quite a number of cases our Virginia statutes submit it to the discretion of the jury whether an offense shall be punished with confinement in the penitentiary or in jail, or by fine only; and in those cases it may be a question whether the act is a felony or a misdemeanor. The doctrine seems clearly established that in such cases, *whatever may be the verdict of the jury*, the offense is always to be deemed a felony. (1 Bish. Crim. Law (7th ed.), sec. 619; 4 Am. & Eng. Ency. of Law, p. 651; *Johnson* v. *State*, 7 Mo. 183; *Canada's Case*, 22 Gratt. 899; *Benton's Case*, 89 Va. 572, 16 S. E. 725; *State* v. *Smith*, 32 Me. 369, 54 Am. Dec. 578; *State* v. *Maybury*, 48 Me. 218, 236; *State* v.

*Waller,* 43 Ark. 381.)" Synopsis of The Law of Crimes and Punishments (Minor), p. 17.

In the Cyclopædia of Law and Procedure the rule is thus stated: "In many states, by statute, all crimes which are punishable in the State prison or penitentiary, with or without hard labor, are felonies. A crime is a felony under such a statute, if it may be punished by imprisonment in a penitentiary or State's prison, although the court or jury may in its discretion reduce the punishment to imprisonment in jail or fine, and although such punishment is in fact imposed." 12 Cyc., pp. 132, 133; 8 Am. & Eng. Ency. of Law (2d ed.) 281, and authorities cited in notes.

Against this array of authorities our attention has been called to but two cases maintaining a contrary doctrine, namely, *Lamkin* v. *People,* 94 Ill. 501, and *Bates* v. *People,* 123 Ill. 428, 16 N. E. 483.

It is clear that White was an incompetent witness and his testimony ought to have been excluded.

As the conclusion which we have reached in the case necessitates a new trial, it is unnecessary to consider the assignment of error with regard to the action of the trial court in overruling the motion for a continuance.

The judgment must be reversed and the case remanded for a new trial.

*Reversed.*