O'Hara, J.
The plaintiff in error was arrested in May, 1911, and tried before a justice of the peace and jury in Clinton township, Knox county, Ohio, upon the affidavit of one Faye Bickel, charging him with failure to support their illegitimate minor child. A verdict of guilty was rendered, and plaintiff in error was sentenced to pay a fine of two hundred dollars and the costs, and to • be imprisoned in the workhouse for six months. Error was prosecuted by him to the' court of common pleas of Knox county, where the judg *6 ment of the justice was reversed and the plaintiff in error discharged. On error to the circuit court, however, the judgment of the court of common pleas was reversed and that of the justice affirmed, and these proceedings are now brought to reverse the judgment of the circuit court and affirm that of the common pleas.
1. The prosecution was based upon Section 13008, General Code, which is as follows: “Whoever, being the father, or when charged by law with the maintenance thereof, the mother, of a legitimate or illegitimate child under sixteen years of age, or the husband of a pregnant woman, living in this state, being able by reason of property, or by labor or earnings, to provide such child or such woman with necessary or proper home, care, food and clothing, neglects or refuses so to do, shall be imprisoned in a jail or workhouse at hard labor not less than six months nor more than one year, or in the penitentiary not less than one year nor more than three years.”
Plaintiff in error attacks the jurisdiction of the justice to render final judgment under this section, for the reason that the offense therein charged is a felony, and that he could be put upon trial therefor only after presentment or indictment by a grand jury, as provided in Article I, Section 10, of the Constitution of Ohio.
Section 12372, General Code, provides" that offenses which may be punished by death or by imprisonment in the penitentiary are felonies, and that all other offenses are misdemeanors.
*7 As the punishment for the offense charged herein may be imprisonment in the penitentiary-under Section 13008 above, this fixes its character and makes it a felony, notwithstanding the fact that it may also be punished as a misdemeanor. 1 Bish. Crim. Law (8 ed.), Sec. 619; 12 Cyc., 132; State v. Mayberry, 48 Me., 218; Quillin’s Case, 105 Va., 874; State v. Waller, 43 Ark., 381; People v. War, 20 Cal., 117; State v. Melton, 117 Mo., 618; State v. Hamilton, 3 C. C., 10, 2 C. D., 6; Smith v. State, 24 C. C., 140, 4 C. C., N. S., 101.
The jurisdiction of a justice of the peace in felonies is limited by Section 13422, General Code, to a preliminary examination, and he is only authorized thereby to discharge the accused, or recognize him to be and appear before the proper court. It is apparent therefore, that the justice had no jurisdiction to try the plaintiff in error herein for an offense charged under Section 13008, General Code, and the judgment of the circuit court for that reason is erroneous and should be reversed, and that of the common pleas affirmed.
2. It appears from the record that in May, 1910, an affidavit had been filed before the same justice of the peace by said Faye Bickel charging plaintiff in error with being the father of her bastard child, being the same mentioned in her subsequent affidavit for failure to support, and that the plaintiff in error was thereupon arrested and taken before the justice. Shortly thereafter a compromise was effected, and plaintiff in error paid the mother $350 in full satisfaction of all claims, together with *8 the costs of the proceeding, and also gave a bond for the maintenance of the child in the sum of $200, with sufficient surety to the approval of the justice. This agreement was acknowledged by both parties in the presence of the justice and entered upon his docket, whereupon the plaintiff in error was discharged from custody. These proceedings were had pursuant to Section 12110, et seq., General Code, and were set up and relied upon by plaintiff in error as a bar to the present proceeding. The main purpose of the legislation covered by the above sections is shown by its history and the decisions of this court to be for the support of bastard children and to prevent their becoming a charge upon the public. And after the law has been invoked and the reputed father has been brought within its jurisdiction, the mother loses control of the proceedings and has no power to release the father except according to the provisions of the law. Perkins v. Mobley, 4 Ohio St., 668.
The législation which is now included in Sections 13008, et seq., under which the present proceeding is prosecuted, is of comparatively recent origin and is much more comprehensive. It includes within its provisions the mother as well as the father of an illegitimate child, the parents of legitimate children and the husband of a pregnant woman. The punishment is also much more severe, making the offense a felony, and this statute has therefore been construed to be of a criminal nature. For this and other reasons it is claimed that the prosecution of the father of a bastard child under the former statutes, is not a bar to his *9 prosecution under the latter, but that their provisions are cumulative, and attention is called to the case of State v. Veres, 75 Ohio St., 138, where it was held that the pendency of a bastardy proceeding instituted against the father of an illegitimate child is neither a bar to, nor ground for the abatement of, a prosecution under Section 13008 above. If the only purpose of this legislation were to declare the offense a crime and to punish the guilty father, there would be force in the contention that there could be no such bar to the criminal prosecution as - is claimed herein. But it is provided by Section 13010, General Code, that a person convicted under Section 13008 may appear before the court in which the conviction took place, and enter into a bond to the State of Ohio in a sum fixed by the court not less than five hundred dollars nor more than one thousand dollars, with approved sureties, conditioned that he will furnish the necessary and proper support for his child, and that sentence may thereupon be suspended. In the bastardy proceeding, when a compromise is effected, the accused must furnish a bond to the approval of the justice, under Section 12114, or when he is convicted upon trial in the 'common pleas court he must give security to the approval of the court, under Section 12123, both conditioned for the maintenance of his child. The law has thus expressly provided practically the same remedy to accomplish the same purpose under both acts.
Having established these two concurrent and identical means of protecting the state and the unfortunate. child, by the authority and upon the *10 deliberate judgment of tribunals especially designated under the law for the particular purpose, we can see no reason why the exercise of one remedy, with its complete satisfaction, should not operate as a bar to the exercise of the other, or why a defendant under such conditions should be harassed, and possibly persecuted, by the requirement of a double security, when he has fulfilled his obligation in the one instance and may be unable to do so in the other.
The view of the law which we have here taken was clearly foreshadowed by this court in its opinion in the recent case above cited. After discussing the provisions of the bastardy act and of Section 3140-2, Revised Statutes, now Section 13008, General Code, and the nature of the proceeding thereunder, Judge Crew draws a parallel between the purposes of the two acts, and states that they each provide a remedy for the enforcement of the same natural duty, that is, the support by the father of his illegitimate child. He then uses the following language: “And the remedies they afford for the enforcement of this duty being entirely consistent with each other, the rule is well settled that the satisfaction of one is the only bar to the prosecution of the other.” State v. Veres, 75 Ohio St., 138, at page 143.
In the case at bar the record clearly shows that all the requirements of the bastardy act were complied with in the former proceeding, and that full and complete satisfaction thereof was made by the plaintiff in error. It follows, therefore, that this was a bar to the present proceeding, and that *11 plaintiff in error was entitled to be discharged. For this reason, also, the judgment of the common pleas court should be affirmed and that of the circuit court reversed.
Although this proceeding has been treated throughout as having been brought under Section 13008, General Code, there is a suggestion in the record that it was also brought under Section 12970, which provides a punishment for wilfülly abandoning a minor child, or wilfully, unlawfully or negligently failing to furnish it necessary and proper food, clothing and shelter, jurisdiction of which offense is given to justices of the peace by Section 13423, General Code. Upon the assumption that the proceeding was and could properly be so brought, which is controverted by the plaintiff in error however, we are of the opinion that the settlement and satisfaction in the bastardy case above referred to, would also be a complete bar to a prosecution under said Section 12970, for the reasons hereinbefore given.
As the matters above decided finally dispose of the case, the other errors alleged are not considered.
The judgment of the circuit court will therefore be reversed and that of the common pleas affirmed, and it is so ordered.

Judgment reversed.

Davis, C. J., Shauck, Johnson and Donahue, JJ., concur.