Clark, J.
The plaintiff in error presents for consideration a large number of claimed errors, involving jurisdiction, procedure and statutory construction.
The first claim made strikes at jurisdiction, and is based, as disclosed by the record, upon the fact that on January 22, 1921, Frances Fasig had filed an affidavit in bastardy against Harry S. Seaman, plaintiff in error, before a justice of the peace at *179 Miamisburg, Montgomery county, Ohio, complaining that she, an unmarried woman, was then pregnant' and that Harry S. Seaman, plaintiff in error, was the father of the unborn child. Thereafter hearing was had before the justice of the peace, and at the conclusion thereof Seaman was required to and did give bond in such bastardy proceeding for his appearance at the court of common pleas of Montgomery county. The bastardy proceeding was pending in the court of common pleas when Seaman was arraigned for trial upon the indictment. The jurisdictional question was raised by motion to quash and by plea in abatement, both of which were overruled and exceptions taken.
This court has heretofore decided this question:
“The pendency of a bastardy proceeding instituted against the. father of an illegitimate child, is neither a bar to, nor ground for the abatement of, a criminal prosecution subsequently commenced against him by the state under Section 3140-2, [Revised Statutes.” State v. Veres, 75 Ohio St., 138.
It is urged by plaintiff in error that Section 13008, General Code, is unconstitutional in that it does not guarantee to the accused that he be advised as to the nature and cause of the accusation against him.
Attention is directed to the penalty provision of the statute, “shall be imprisoned in a jail or workhouse at hard labor not less than six months nor more than one year, or in the penitentiary not less than one year nor more than three years.”
This question was considered and determined by this court in the case of McKelvy v. State, 87 Ohio St., 1. Judge O’Hara in the opinion, at page 7, says: “As the punishment for the offense charged *180 herein may be imprisonment in the penitentiary under Section 13008 above, this fixes its character and makes it a felony, notwithstanding the fact that it may also be punished as a misdemeanor. 1 Bish. Crim. Law (8 ed.), Sec. 619; 12 Cyc., 132; State v. Mayberry, 48 Me., 218; Quillin’s Case, 105 Va., 874; State v. Waller, 43 Ark., 381; People v. War, 20 Cal., 117; State v. Melton, 117 Mo., 618; State v. Hamilton, 3 C. C., 10, 2 C. D., 6; Smith v. State, 24 C. C., 140, 4 C. C., N. S., 101.”
The code provisions under which the plaintiff in error was indicted and convicted, and under which he gave bond and was thereafter sentenced, are:
“Sec. 13008. Whoever, being the father, or when charged by law with the maintenance thereof, the mother, of a legitimate or illegitimate child under sixteen years of age, or the husband of a pregnant woman, living in this state, being able by reason of property, or by labor or earnings, to provide such child or such woman with necessary or proper home, care, food and clothing, neglects or refuses so to do, shall be imprisoned in a jail or workhouse at hard labor not less than six months nor inore than one year, or in the penitentiary not less than one year nor more than three years. * * *'
“Sec. 13010. If a person, after conviction under either of the next two preceding sections and before sentence thereunder, appears before the court in which such conviction took place and enters into bond to the State of Ohio in a sum fixed by the court not less than five hundred dollars nor more than one thousand dollars, with sureties approved by such court, conditioned that such person will furnish such child or woman with necessary and proper home, *181 care, food and clothing, or will pay promptly each week for such purpose to a trustee named by such court, a sum to be fixed by it, sentence may be suspended. * * *
“See. 13015. Upon failure of such father or mother, or husband of such pregnant woman to comply with any order and undertaking provided for in this subdivision of this chapter, he or she may be arrested by the sheriff or other officer, on a warrant issued on the precipe of the prosecuting attorney, and brought before the court for sentence. Thereupon the court may pass sentence, or for good cause shown, may modify the order as to the time and amount of payments, or take a new undertaking and further suspend sentence as may be for the best interests of such child or children or pregnant woman and the public.
“Sec. 13016. The trustee appointed by the court under this subdivision of this chapter, shall make quarterly reports of the receipts and expenditures of all moneys coming into his hands as herein provided, such reports to be made to the county commissioners of the county from which such person was sentenced, or to the board of managers of the penitentiary, or reformatory as the case may be. The court may require such trustee to enter into a good and sufficient bond for the faithful performance of the duties so imposed on him. * * *
‘ ‘ Sec. 13019. The board of managers of the penitentiary, or reformatory, to which a person is sentenced and confined under this subdivision of this chapter, shall credit such person with forty cents per day for each working day during the period of *182 such confinement, which shall be paid or caused to be paid, by such board to such trustee.”
Inasmuch as the character, purpose and intent of these enactments are before this court for consideration and determination, it is necessary to examine and consider the legislative history thereof.
The first enactment was the act of April 16, 1890 (87 O. L., 216), thereafter designated as Section 3140-2, Revised Statutes. Its title was “To prevent abandonment and pauperism.”
Thereafter on April 6, 1900 (94 O. L., 105), the legislature amended Section 3140-2, Revised Statutes, and by such amendment included within the law liabilities, penalties and conditions not thereinbefore provided for. The title of the amendatory act was “To amend Section 3140-2 of the Revised Statutes of Ohio.”
On April 28, 1908 (99 O. L., 228, 230), the legislature repealed the original act of April 16, 1890, and the amendatory act of April 6,1900, and passed the act which preceded Section 13008, General Code. The act of April 28, 1908, was entitled “To compel parents to maintain their children.”
This last enactment was thereafter again designated as Section 3140-2, Revised Statutes; and subsequently, under the codification of February 14, 1910, with slight changes in text in no wise varying the intent and effect of the enactment, it became Sections 13008, 13009, 13010, 13011, 13012, 13013, 13014, 13015, 13016, 13017, 13018, 13019, 13020 and 13021, General Code.
The canons of construction include the factors of stated object and purposes, the condition sought to *183 be remedied and the legislative intent to be gathered therefrom.
In the opinion in State v. Rouch, 47 Ohio St., 478, 485, Judge Spear said:
“In giving construction to a statute all its provisions must be considered together. We must endeavor to get at the legislative intent by a consideration of all that has been said in the law, and not content ourselves with partial views, by selecting isolated passages, and holding them alone up to criticism. What is the whole scheme of the law? What object did the legislature intend to accomplish?”
This rule of construction was approved and followed in State v. Van Gunten, 84 Ohio St., 172, 175, and Judge Johnson in his opinion therein quotes with approval and follows the rule declared in State v. Rouch.
In Conrad v. State, 75 Ohio St., 52, Judge Davis in the majority opinion, quoting with approval from Bissot v. State, 53 Ind., 408, adopts such construction as is “safe to the state and the citizen, and the ■ only one by which the intention of the Legislature can.be practically carried into effect.”
The construction of Section 13008, General Code, involves, therefore, a consideration and analysis of the accompanying- and supplementary sections of the code, to-wit, all those appearing under the subhead “Maintenance of Minors, etc.,” Sections 13008 to 13021, inclusive, General Code.
Without restating the code sections in exact language, it will be observed that Section 13008 provides against the neglect to provide for child or pregnant woman; Section 13009 against abandoning *184 child or pregnant woman; Section 13010 that convicted person may give bond, and for appointment of trustee; Section 13011 provides venue; Section 13012 provides against neglect for keeping child in children’s home; Section 13013 that person coinvicted under Section 13012 may give bond, and for appointment of a trustee; Section 13014 provides venue for offenses under Section 13012; Section 13015 against failure to give bond under either Section 13010 or Section 13013; Section 13016 provides as to the duties of the trustee; Section 13017 that the humane society may act as trustee; Section 13018 and Section 13019 provide for payments to the trustee when convicted person is imprisoned; Section 13020 that the trustee shall be named in the mittimus; and Section 13021 defines and provides as to citizenship and its continuance.
The intent of this legislation was to compel persons charged by law with the support of designated dependents to meet the full measure of their obligation to such dependents and society. The converse of the proposition may be stated that it was the purpose to relieve society of a burden that properly belonged to one charged by law with its obligation. The fundamental objective will be referred to.
The original act of April 16, 1890 (87 O. L., 216), was construed as to purpose and intent by this court in Bowen v. State, 56 Ohio St., 235. The court says, at page 239: “The duty is primarily devolved on the father to support his minor children out of his property, or by his labor. Revised Statutes, Section 3110. This is a duty which he owes to the state, as well as to his children; and he has no more right to allow them to become a public charge than he *185 lias to allow them to suffer for want of proper care and sustenance. The design of the statute, under which the plaintiff in error was prosecuted, was to enforce, as far as practical, the fulfillment of the father’s duty to the public.”
The purpose of Section 13010, General Code, is to provide method whereby one who has been adjudged guilty of a violation of Section 13008 shall secure to the dependent the support necessary for its comfort and welfare, and thereby relieve society of the burden that it would otherwise have charged upon it.
That such is the true object of this legislation is shown in Section 13015 and Section 13019, General Code, which are to be considered and construed with Section 13008, General Code.
Section 13015, General Code, provides: “Upon failure of such father or mother, or husband of such pregnant woman to comply with any order and undertaking provided for in this subdivision of this chapter, he or she may be arrested by the sheriff or other officer, on a warrant issued on the precipe of the prosecuting attorney, and brought before the court for sentence. Thereupon the court may pass sentence, or for good cause shown, may modify the order as to the time and amount of payments, or take a new undertaking and further suspend sentence as may be for the best interests of such child or children or pregnant woman and the public.”
If, as is contended by the state it was intended that a person eonvicted under Section 13008, General Code, should be confined in the penitentiary after the court had made order fixing the amount of support to be paid and naming the trastee, and after the convicted person had given bond in an amount *186 fixed by tbe court, with sureties approved by the court, conditioned that such convicted person should furnish the named dependent, or dependents with necessary and proper home, care, food and clothing, or pay promptly each week for such purpose to the trustee a sum fixed by the court, what becomes of the provisions of Section 13015, General Code? "When the confined person makes failure upon the bond, and warrant is issued on the precipe of the prosecuting attorney, as therein provided, how shall such person be arrested by the sheriff “and brought before the court for sentence,” and how shall the court “further suspend sentence as may be for the best interests of such child or children or pregnant woman and the public?”
It is urged that the obligations of the bond would be taken care of by the operation of Section 13019, General Code, which provides that “The board of managers of the penitentiary, or reformatory, to which a person is sentenced and confined under this subdivision of this chapter, shall credit such person with forty cents per day for each working day during the period of such confinement, which shall be paid, or caused to be paid, by such board to such trustee.”
The fallacy of the argument is evidenced in the instant case. The order was to pay $7.50 each week. Imprisonment and the provisions of Section 13019, General Code, would furnish a credit of $2.40 a week. Plow is the difference necessary to comply with the order to be furnished? Assuming that the convicted person has no means, except his inclination to labor and earn, with which to provide the required support and thereby protect those who be *187 come his surety upon bond, would anyone, facing the certainty of weekly default, become surety for him? We do not think so. The construction contended for by the state would wholly defeat the purposes of Sections 13010 and 13015, General Code.
Section 13018, General Code, and Section 13019, General Code, only serve to emphasize and support the reasoning that the purpose and intent of the whole legislative scheme upon this subject was, and is, to provide those whom it is deemed necessary to protect with sufficient support to protect the public against burden. It is our opinion that the latter sections were designed to secure to the dependents a measure of support when it was found necessary, the circumstances of a case considered, to enforce the imprisonment provisions of Section 13008, General Code. The application of Sections 13018 and 13019, General Code, does not presuppose an order and bond under Section 13015, General Code. To hold otherwise is to assume that the legislature intended to provide two sources of support, one arising under the order of the court and secured by the bond, and the other arising out of the imprisonment and the operation of Sections 13018 and 13019, General Code. In our opinion the legislature did not intend so to provide.
Another consideration supports this reasoning. The condition of the bond provided for in Section 13010, General Code, is in the alternative, first, “that such person will furnish * * * necessary and proper home, care, food and clothing,” or, second, “will pay promptly each week for such purpose to a trustee named by such court, a sum to be fixed by it.”
*188 The first alternative clearly indicates that the convicted person shall remain at liberty, with opportunity to earn and thereby furnish “home, * * * food and clothing.” If doubt existed, it would disappear upon consideration of the fourth requirement. The convicted person must furnish “care.” The word is here used in the sense usual to the family relation. It does not mean “home,” “food” or “clothing,” for those factors are specifically provided for. It means “attention,” “oversight,” “management,” all of which imply continued personal contact. Imprisonment defeats the purpose of the legislation, which is, in part, to compel the maintenance of the family relation and to discourage its severance.
The family unit is the bedrock upon which is reared the structure of civilization. Its preservation is the objective of many right-thinking, earnest citizens, who give of their time and means in the spirit of service to sustain and maintain it.
The titles of the several acts and the language of the statutes evidence intent to protect and maintain the family unit. It is not intended to indicate herein that in cases of illegitimacy, as in the instant case, the adjudged parent has the right of''care” in the sense of either “attention,” “oversight” or '' management. ’ ’
Whether the performance of the order made under Section 13Q10, General Code, shall comply with the first or second alternative, to-wit, furnishing the “necessary and proper home,” or paying “promptly each week for such purpose,” etc., is within the discretion of the trial court, to be applied as the circumstances of each case and “the best interest of *189 such child or children or pregnant woman and the public” shall warrant.
The construction here adopted is “safe to the state and the citizen, and the only one by which the intention of the Legislature can be practically carried into effect.” Bissot v. State, supra.
The conclusion here reached is not to be construed as deciding that the sentence provided for in Section 13008, General Code, is not in proper case to be pronounced and executed. The purpose of the legislation is to provide support and to punish where it is wilfully withheld. Continued and wilful neglect merits the penalties provided and is warrant for their imposition.
The entire legislation, with its several provisions for the maintenance of the family, for secured support, for imprisonment in jail or workhouse for short or longer period, or imprisonment in the penitentiary for short or longer time, together with the express grant within itself of power to suspend sentence, evidences recognition by the legislature of the varied degree of culpability usual to this class of cases.
Circumstances warranting, it is within the discretion of the trial court to apply the provisions of Section 13010, General Code, or to withhold them. If applied they effect a suspension of the penalties provided for in Section 13008, General Code.
When a person shall have been convicted of a violation of Section 13008, General Code,- and after conviction and before sentence thereunder appears before the court in which such conviction took place, and the court proceeds as in Section 13010, General Code, provided, and such person gives bond and pays *190 to the trustee under the order of the court the sum fixed by it, or, as the order may provide, proceeds forthwith to furnish such child or woman with necessary and proper home, care, food and clothing, it is our conclusion that the sentence provided for in Section 13008, General Code, stands suspended so long as such convicted person shall respond to the order of the court or any modification thereof.
This determination renders unnecessary a consideration of the other questions presented by plaintiff in error.
Judgment as to sentence reversed, and cause remanded with instructions to the trial court to proceed as in this opinion directed.

Judgment reversed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.