**Donald KRAWETZ # 161944, Petitioner,**

**v.**

**Edward W. MURRAY, Director of the Virginia Department of Corrections, Respondent.**

**Civ. A. No. 89–822–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 1, 1990.

Donald Krawetz, pro se.

Richard F. Gorman, III, Atty. General's Office, Richmond, Va., for respondent.

## FINAL ORDER

CLARKE, District Judge.

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254 and referred to a United States Magistrate pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. Report of the Magistrate was filed on May 3, 1990, recommending grant of the petition on the merits of Ground 2. It now comes before this Court on the respondent's objections to the Magistrate's Report pursuant to 28 U.S.C. § 636(b)(1)(C). In accordance with 28 U.S.C. § 636(b)(1)(C), this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

■ As a threshold matter, respondent's first objection is that Virginia's parole eligibility statute, Va.Code § 53.1–151 (1988), does not create a liberty interest in petitioner and that, therefore, this Court lacks jurisdiction to consider his writ. It is well-settled in the Fourth Circuit, however, that Virginia's parole statutes confer on a prisoner a protectable liberty interest, enforceable under the fourteenth amendment, in being considered for parole. *See Franklin v. Shields,* 569 F.2d 784, 789 (4th Cir.1977) (en banc) ("[I]t is readily apparent from an examination of Virginia law that a prisoner has a right to be considered for parole, and that this right is protected by statutory safeguards."), *cert. denied,* 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978). Logic dictates that if a prisoner has a protectable liberty interest in being considered for parole, then he has an equally protectable interest in being properly considered for parole eligibility. Under Virginia law, every person imprisoned in a state facility for a felony becomes eligible for parole after serving one-fourth of his term or 12 years, whichever is less. Va.Code § 53.1–151(A)(1) (1988). As the number of felonies for which a defendant is convicted increases, so does the fraction of time he must serve before being considered eligible

for parole. Va.Code § 53.1–151(A)(1)–(4). While it is a truism to state that without being eligible for parole a prisoner will never be considered for parole, it does underscore the point that a prisoner's ultimate conditional freedom depends upon the proper application of the parole eligibility statute. If the statute is misapplied, it may add years to a prisoner's confinement. Therefore, since the Virginia parole eligibility statute creates a statutory right to, and lists the criteria for, parole eligibility, and since a prisoner has a great interest in having those criteria applied correctly, this Court holds that the statute governing the manner in which a prisoner is classified for parole eligibility confers on the prisoner a liberty interest enforceable under the due process clause of the fourteenth amendment. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) (the *Wolff* Court held that if state law creates a right which involves a person's liberty, the individual possessing this right is entitled to the protection of the due process clause to insure that the state-created right is not arbitrarily abrogated).

Respondent does not object to any of the Magistrate's findings of fact in this case. This Court, therefore, adopts the Magistrate's factual statement. In 1972, petitioner was convicted in the Circuit Court of the City of Richmond for possession of LSD and was sentenced six years in a state correctional institution. Petitioner was released on parole prior to completion of this sentence. In 1981, petitioner was convicted in the Circuit Court of City of Portsmouth for robbery and for assault and battery. For these convictions petitioner received a total sentence of seven years in a state correction institution. Again, petitioner was released on parole prior to the completion of these sentences. In 1987, petitioner was convicted in the Circuit Court for the City of Portsmouth of grand larceny auto,

as well as some other offenses. Petitioner received sentences totalling one month and one hundred ten days, which he served in the Portsmouth City Jail. Upon completion of this time, petitioner was then sentenced and committed to the Department of Corrections for violating the parole which was part of his second sentence. Finally, in 1988, petitioner was convicted in the Circuit Court of the City of Portsmouth for assault, tampering with an automobile, robbery, and statutory burglary. Petitioner was sentenced to his current term of ten years and seventy-five days.

The petitioner has been convicted of four felonies. When convicted of the third felony, he was not sentenced to a "state correctional facility" but rather was sentenced to a "local correctional facility" to serve sentences of one month and one hundred ten days.[1] On each of the other three felony convictions, petitioner's first, second and fourth, he was sentenced and committed to the Department of Corrections. Importantly, however, following petitioner's third felony conviction for which he served time in jail, he was subsequently committed to the Department of Corrections for violation of parole which was a part of his punishment for the second felony conviction.

The Department of Corrections has invoked Va.Code § 53.1–151(A)(4) in setting petitioner's earliest parole eligibility date following his fourth felony conviction. The statute states in pertinent part as follows:

**Section 53.1–151. Eligibility for parole.**

A. Except as herein otherwise provided, every person *convicted of a felony and sentenced and committed* under the laws of this Commonwealth *to the Department of Corrections* or as provided for in § 19.2–308.1:

.    .    .    .    .

---

**1.** In Va.Code § 53.1–1 "state correctional facility" and "local correctional facility" are defined separately. "Local correctional facility" is defined as "any jail, jail farm or other place used for the detention or incarcerations of adult offenders, excluding a lock-up, which is owned, maintained or operated by any political subdivisions of the Commonwealth." A "state correc-

tional facility" means "any correctional center or correctional unit used for the incarceration of adult offenders established and operated by the Department of Corrections." The statute subsequently states that the Department of Corrections has jurisdiction over state correctional facilities only. *See generally* Va.Code § 53.1–2 to 53.1–31.

3. *For the third time,* shall eligible for parole after serving one-half of the term of imprisonment imposed, or after serving fourteen years of the term of imprisonment imposed is more than fourteen years;

4. *For the fourth or subsequent time,* shall be eligible for parole after serving three-fourths of the term of imprisonment imposed, or after serving fifteen years of the term of imprisonment imposed if three-fourths of the term of imprisonment imposed is more than fifteen years.

.　　.　　.　　.　　.

Va.Code § 53.1–151(A)(3) and (4) (1988) (emphasis supplied).

■ In order for sub-section (A)(4) of this statute to be effective, all four convictions must have been for felonies *and* all four must have resulted in sentences to the Department of Corrections. The Supreme Court of Virginia has held that a felony is still a felony even though the defendant is sentenced to a local jail for less than a year. *See Quillin v. Commonwealth,* 105 Va. 874, 54 S.E. 333 (1906); *Fletcher v. Commonwealth,* 163 Va. 1007, 175 S.E. 895 (1934). *See also* Va.Code § 18.2–10(f) (1988) (prescribing punishment for a Class 6 felony at a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $1,000, either or both). The Supreme Court of Virginia has not held that sentencing and commitment to a local jail is the same as sentencing and commitment to the Department of Corrections in respect to Va.Code § 53.1–151.

The starting point in any case involving the interpretation of a statute is the statute itself. When, as here, the language of the statute is clear, the court must enforce it according to its terms, for rewriting the statute is not the province of the judiciary. Giving effect to the plain meaning of the language used in Va.Code § 53.1–151, it is pellucidly clear that in order to increase a defendant's time before being eligible for parole, that defendant must not only have been convicted of a felony, but also sentenced and committed to a "state correctional facility" or some other institution under the control of the Department of Corrections. This Court can only presume that the legislature of Virginia intended to give Virginia Judges leeway to exercise some discretion to sentence some convicted felons more leniently than others.

Petitioner has only been convicted *and* sentenced *and* committed to the Department of Corrections on three occasions. Therefore, the Department of Corrections, in classifying petitioner for eligibility for parole, can go no further than Va.Code § 53.1–151(A)(3) which sets out the requirements for third-term felons.

■ The Department of Corrections maintains that petitioner's third commitment to a state correctional facility for a parole violation counts as a commitment for purposes of computing his felon term indicator. This Court cannot agree. The parole violation is merely a part of and a continuation of the second felony sentencing. It does not constitute a new felony for which a Department of Corrections sentence was imposed as clearly contemplated by the Virginia Legislature.

Accordingly, the Magistrate's finding that the Department of Corrections cannot invoke Va.Code § 53.1–151(A)(4) to classify petitioner for purposes of determining parole eligibility is AFFIRMED.

This Court, having found that an interpretation Va.Code § 53.1–151(A) is a sufficient basis on which to render judgment in this case, finds it now unnecessary to discuss the issue of what minimum procedures, if any at all, are required by the due process clause to insure that the parole eligibility statute is not arbitrarily applied. Additionally, this Court finds that the Virginia legislature's use of the word "and" in requiring both the conviction of a felony and a commitment by the sentencing judge of the defendant to the Department of Corrections is unequivocal and can only be changed by the legislature.

Accordingly, that part of the Magistrate's order suggesting the adoption of formal published regulations is REVERSED.

This Court, having examined the objections filed by the respondent to the Magistrate's Report and having made *de novo* findings with respect to the portions objected to, does hereby adopt in part, and reject in part, the findings and recommendations set forth in the Report of the United States Magistrate filed May 3, 1990. It is therefore ORDERED that the petition be GRANTED on the merits of Ground 2 and that judgment be entered in favor of the petitioner. The Department of Corrections is DIRECTED to consider the defendant for parole in accordance with Va.Code § 53.1–151(A)(3).

IT IS SO ORDERED.